ON MOTION TO DISMISS APPEAL
COVINGTON, Judge.
This matter is before us on a motion to dismiss the appeal of the plaintiff, Lynn Marie Simonson Dunn Thompson. Defendant-appellee’s basis for the motion is that the appeal was not perfected within the delay authorized by law. We find that there is no merit in the motion.
The facts are that the plaintiff and defendant were legally separated by judgment signed on October 7, 1981, wherein she was awarded $600 per month as alimony pendente lite. Thereafter, defendant filed a rule for reduction or termination of the award; this was denied. As a result of further action by the plaintiff, on January 13, 1982, a stipulated judgment for contempt and past due alimony was signed, fixing the arrearage at $900 and making it executory, awarding attorney fees and also holding the defendant in contempt. Approximately two weeks later, plaintiff filed a rule for contempt and past due alimony (pendente lite); he countered with a rule asking for reduction of the alimony because of an alleged change in circumstances. Both rules were heard on March 11; judgments were then rendered reducing the amount of alimony to $450 per month, and recalling and vacating the plaintiffs rule for contempt and past due alimony. Separate judgments were signed on March 22, 1982.
Plaintiff did not appeal the judgment on the rule which reduced the alimony award. However, she did appeal the judgment dis *46 missing her rule for contempt and past due alimony, as shown by the caption of her motion for appeal. Defendant now contends that her appeal should be dismissed as being untimely; however, his memorandum in support of the motion does not address the appealed judgment — it addresses the judgment to reduce alimony, which has not been appealed.
Nevertheless, since the motion to dismiss is addressed to the appeal before this Court, we will consider the question of timeliness of the appeal.
We find that LSA-C.C.P. art. 2087, rather than LSA-C.C.P. arts. 3942 and 3943, is applicable. Frazier v. Frazier, 374 So.2d 198 (La. App. 4 Cir. 1979), and Henson v. Henson, 350 So.2d 979 (La. App. 2 Cir. 1977), provide authority for the position that plaintiffs appeal, taken within the 60-day delay period prescribed in Article 2087, was timely. The judgment appealed having been signed on March 22, no notice of judgment being necessary under the circumstances and no application for a new trial having been made, the delay for devolutive appeal began on March 30. The appeal was taken on May 20; therefore, it was timely.
MOTION TO DISMISS DENIED.