CARTER, Judge:
This matter is before us on a motion to dismiss the appeal of the plaintiff, Gerald Easley. Defendant-appellee’s bases for the motion is that the appeal was not timely *1079 perfected and that appellant failed to timely pay court costs and timely file the transcript.
Plaintiff filed a rule seeking a change of custody of his minor child from the defendant (the child’s mother) to himself. Defendant reconvened for an increase in child support and for an order of child support for two other minors. Defendant also sought judgment making child support ar-rearages executory. Trial was held on June 27, 1983, at the conclusion of which judgment was orally rendered in open court. The judgment was later reduced to writing and signed on August 22, 1983 as follows:
1) denying plaintiff’s principal demand for a change in custody;
2) maintenance of custody with defendant and visitation rights to plaintiff;
3) dismissing defendant’s claim for child support of the two additional minors and increase in support for the minor child, Carolyn;
4) ordered that the plaintiff pay various costs of medical treatment for Carolyn;
5) made executory against plaintiff support arrearages, plus interest; and
6) awarded attorney’s fees to counsel for defendant (apparently in conjunction with the arrearages judgment — R.S. 9:305).
Plaintiff filed a petition for devolutive appeal on October 20, 1983, within sixty days of the date of the judgment, but more than thirty days from the date of the judgment. An order granting the appeal was signed on the same day by the trial judge fixing the return day of December 20, 1983. One extension was obtained by the deputy clerk of court based upon appellant’s failure to pay estimated court costs. This extension fixed the return day for January 20, 1984. The record was lodged on March 14, 1984.
Defendant contends that her motion to dismiss should be granted because: (1) the appeal involved the custody dispute which is appealable only within thirty days; and (2) appellant failed to timely pay costs and file the transcript.
Plaintiff opposes the motion to dismiss claiming that the appeal relates solely to the judgment making support arrearag-es executory. He also contends that the motion to dismiss the appeal was not timely filed. Plaintiff’s oppositions are essentially misplaced. Even though he contends that the appeal relates solely to the judgment making the support arrearages executory, this is not reflected by any document or evidence in the record. Secondly, as to his contention that the motion to dismiss the appeal was not timely filed pursuant to LSA-C.C.P. art. 2161, plaintiff overlooks the well settled rule of law that an untimely appeal raises jurisdictional defects and an appeal may be dismissed at any time for lack of jurisdiction. See Willie v. Otasco, 347 So.2d 1215 (La.App. 1st Cir.1977). See also LSA-C.C.P. 2162.
As to defendant’s contention supporting her motion to dismiss the appeal, clearly items 1-4 in our previous discussion relate to custody and child support. The applicable appeal delays for both custody and child support judgments is thirty days. LSA-C.C.P. art. 3943, 3942, and 2087; Verrett v. Verrett, 397 So.2d 840 (La.App. 4th Cir.1981). See also Matherne v. Matherne, 331 So.2d 55 (La.App. 1st Cir.1976).
Items 5 and 6 relate to child support arrearages. The appeal delay for a judgment granting or denying child support arrearages is sixty days. LSA-C.C.P. 2087. See Thompson v. Thompson, 419 So.2d 45 (La.App. 1st Cir.1982). Since plaintiff’s motion for appeal herein was filed more than thirty days but less than sixty days after expiration of the delay for applying for a new trial, the appeal is untimely as to the custody and child support matters (Items 1-4), but timely as to the arrearages matters (Items 5 & 6).
Defendant next contends that the motion to dismiss should be granted because appellant failed to timely pay costs and file the transcript. LSA-C.C.P. 2126, in pertinent part, provides as follows:
*1080 “If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.”
From the above, it is apparent that this argument is without merit.
For the above and foregoing reasons, the motion to dismiss is granted in part and denied in part.
MOTION TO DISMISS GRANTED IN PART AND DENIED IN PART.