COLE, Judge.
The issue presented in this motion to dismiss is the timeliness of appellant’s appeal.
The parties were divorced in 1980 and custody of their minor child was awarded to the wife (appellant). Pursuant to a subsequent stipulation, custody was changed to the husband by judgment signed in 1981. In 1983 the wife filed a rule for change of custody. She also sought injunctive relief against the husband and to have him held in contempt for violation of visitation orders. In response the husband filed a counter rule, requesting the court set and define reasonable visitation rights for the wife and award him child support and attorney’s fees.
These matters were heard on January 30, 1984. At the close of the wife’s case, the husband’s motion for a directed verdict was granted. The court orally rendered judgment denying the wife's request for change of custody and all other relief sought by her. The court awarded attorney’s fees to the husband, but denied his request for child support. A written judgment was signed accordingly on February 17, 1984. Neither party requested notice of judgment or filed a motion for a new trial.
On May 2, 1984, the wife filed a motion-for devolutive appeal. An order of appeal was signed on that same day, made returnable to this Court on July 2, 1984. The return date was subsequently extended until August 2, 1984. The record was lodged with this Court on August 1, 1984.
On August 28, 1984, the husband filed a motion to dismiss this appeal as untimely. The wife responded with a motion (which is treated herein as an opposition) to dismiss the husband’s motion, alleging: 1) it was not timely under Code of Civ.P. art. 2161 and under the Uniform Rules — Courts of Appeal, Rule 2-8.1; and, 2) he did not serve *1280 her with the attachments to his motion as required by Rule 2-8.2.[1]
Notice of judgment was not required since this case was not taken under advisement and no request for notice was made. Code of Civ.P. art. 1913. Accordingly, appeal delays began upon the expiration of the delay for applying for a new trial. Code of Civ.P. arts. 2087(1) and 3943. This seven day delay ended on February 29, 1984 in the present ease.[2]
The wife had thirty days from this date to appeal the portion of the judgment denying a change in custody. Code of Civ.P. art. 3943. Malone v. Malone, 282 So.2d 119 (La.1973); Easley v. Williams, 450 So.2d 1078 (La.App. 1st Cir.1984). Appeal delays obviously lapsed with regard thereto well before the motion for appeal was filed on May 2, 1984. The applicable appeal delay for the remaining portions of the judgment was sixty days. Code of Civ.P. art. 2087. The last day of this period was April 30, 1984. Therefore, the motion filed on May 2, 1984 was clearly untimely as to the entire judgment.
The wife’s contentions regarding the timeliness of the husband’s motion to dismiss are completely without merit. An untimely appeal raises jurisdictional defects, and an appeal may be dismissed at any time for lack of jurisdiction. Code of Civ.P. art. 2162; Easley v. Williams, supra. Additionally, the wife’s complaint relative to the husband’s failure to serve her with the attachments to his motion presents no prejudicial error. The attachments were merely complimentary copies of documents in the record.
For the above reasons, we grant the motion to dismiss this appeal.
APPEAL DISMISSED.

. In brief the wife raises two other arguments which warrant no discussion other than to note they are totally frivolous and without merit. These arguments are: 1) that appeal delays may be longer than sixty days because Code of Civ.P. art. 2087 says an appeal may be filed within sixty days; and, 2) that she was informed by personnel in the offices of the clerk of court and the judge to exclude from appeal delays those days on which the judge was out of his office.

. February 20, 1984 was a legal holiday.