ALFORD, Judge.
Plaintiff-appellee, Marvin Benton, brings this motion to dismiss the appeal of defendants-appellants, Thomas and Wanda Dinne-an, on the grounds of untimeliness, or alternatively, mootness. This Court issued a show cause order which brings the matter before us today.
Plaintiff, the mortgagee, filed suit for executory process after defendants, the mortgagors, defaulted on the promissory note given in conjunction with a sale of immovable property. Defendant answered the suit and reconvened praying for a temporary restraining order preventing plaintiff’s seizing and selling the property. On April 3, 1984, the trial court issued the temporary restraining order for a period of 10 days and set a hearing on a preliminary injunction for May 3, 1984. On April 25, 1984, a different trial judge signed an order of seizure and sale, noting that the temporary restraining order had expired without being extended. On May 4, 1984, the preliminary injunction was denied. Defendants’ motion and order for a suspen-sive, or alternatively, a devolutive appeal was not filed until July 6, 1984. The motion for appeal was granted on August 14, 1984, however, the property had been adjudicated to plaintiff at a sheriff’s sale on July 18, 1985.
It is plaintiff’s contention that defendants’ appeal is untimely as a suspensive appeal under either LSA C.C.P. art. 2642 or LSA C.C.P. art. 3612. Additionally, plain *1068 tiff maintains that defendants’ appeal is moot as a devolutive appeal due to the property having been sold. We agree.
LSA C.C.P. art. 2642 provides,
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a sus-pensive appeal from the order directing the issuance of the writ of seizure and sale, or both.
A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order. The appeal is governed by the provisions of Articles 2081 through 2086, 2088 through 2122, and 2124 through 2167, except that the security therefor shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney’s fee, but exclusive of court costs.
The order of seizure and sale was signed on April 25, 1984, and defendants did not file their motion for appeal until July 6, 1984, well outside of the fifteen day period provided in the article. Therefore, defendants’ suspensive appeal is clearly untimely under LSA C.C.P. art. 2642.
LSA C.C.P. art. 3612 provides,
There shall be no appeal from an order relating to a temporary restraining order.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final judgment shall be as provided in Book III.
The denial of defendants’ preliminary injunction occurred on May 3, 1984, and defendants did not file their motion for appeal until July 6, 1984, well outside of the fifteen day period provided in the article. Therefore, defendants’ appeal is untimely either as a suspensive or devolutive appeal under LSA C.C.P. art. 3612.
Given our finding that defendants’ appeal was untimely as a suspensive appeal under LSA C.C.P. art. 2642 and as a sus-pensive or devolutive appeal under LSA C.C.P. art. 3612, we need not reach the issue of mootness. Therefore, for the foregoing reasons, the motion to dismiss the appeal of defendants-appellants, Thomas and Wanda Dinnean, is hereby granted, with costs to be borne by them.
MOTION GRANTED.