487 So.2d 1248 (1986)
Chaka Ashanti ZULU
v.
Sgt. Willie WASHINGTON, et al.
No. 85-CA-0789.
Court of Appeal of Louisiana, First Circuit.
March 14, 1986.
Chaka Ashanti Zulu, in pro. per.
*1249 Joseph Kopsa, Asst. Atty. Gen., Louisiana Dept. of Justice, Baton Rouge, for Sgt. Willie Washington, et al.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Plaintiff appeals a trial court judgment denying his motion for preliminary injunction. We dismiss the appeal as untimely.
On April 1, 1985, the district court rendered and signed a judgment denying plaintiff's motion for preliminary injunction. Notice of the judgment was mailed to plaintiff on April 8, 1985. On April 22, 1985, plaintiff's motion for appeal was stamped "received" by the Clerk of Court's office, but it was not until May 8, 1985, that the judge signed the order of appeal.
"An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment...." LSA-C.C.P. art. 3612. The delay is fifteen days, even if the appeal is considered to be devolutive. Benton v. Dinnean, 464 So.2d 1067, 1068 (La. App.1st Cir.1985). The fifteen day delay begins to run from the date of the judgment, not the mailing of notice of judgment, because it is article 3612 rather than article 1914 of the Code of Civil Procedure which controls this situation.[*]Kinchen v. Kinchen, 256 La. 28, 235 So.2d 81 (1970).
Plaintiff had until April 16, 1985, to perfect an appeal. By the time his motion was received in the clerk's office on April 22, the delay had already expired. Because plaintiff's appeal was not timely perfected, this court has no jurisdiction. Bargas v. Land, 457 So.2d 1278, 1280 (La.App.1st Cir.1984). Accordingly the appeal is hereby dismissed.
APPEAL DISMISSED.
NOTES
[*] Since this decision, article 1914 has been amended, but both the old and the new versions expressly state that the provisions of the article do not apply to interlocutory injunctive orders or judgments. Thus the Kinchen holding remains intact.