DOUCET, Judge.
MOTION TO DISMISS
Plaintiff-appellee, Charter National Bank-Houston, moves to dismiss the appeal of defendant-appellant, Ronald J. Zappe, to the extent that appellant seeks a review of any matter other than the propriety of the trial court’s ex parte order amending the original judgment in the instant suit. The motion to dismiss is based on appellant’s untimeliness in moving for a devolutive appeal with respect to the original judgment.
On August 5,1987, appellee filed its Petition on Promissory Note, Continuing Guaranties and for Recognition of Mortgage. This petition named four defendants: Power Source, Inc.; Ronald J. Zappe; Carl Seid-ule; and William C. Mayfield. On February 22, 1988, a preliminary default was entered in favor of appellee against Power Source, Inc., and appellant. A preliminary default was entered on March 28, 1988, against the remaining two defendants. These default judgments were confirmed by a final judgment which the trial court signed on April 11, 1988. Notice of Judgment was sent to all defendants by the trial court on April 12, 1988.
Appellee filed a Motion to Amend Judgment to Correct Typographical Errors on September 1, 1988. This motion was made to correct two typographical errors which appeared in the original judgment. The first error corrected the numerical figures for the accrued interest from “$14,212.19” to “$14,213.19” in conformity with the written dollar amount. The other amendment corrected the description of the real property on which the mortgage existed from “1.765 acres” to “1.764 acres”. This motion and the amended judgment were signed by the trial court ex parte without a contradictory hearing on the date appellee filed them. Notices of the amended judgment were sent by the trial court on September 7, 1988.
Appellant moved for and was granted a suspensive appeal on September 28, 1988, from the original judgment of April 11, 1988, and the amended judgment of September 1, 1988. However, appellant was granted a devolutive appeal from these two judgments by an order signed on October 2, 1988. A letter informing the trial court of appellant’s abandonment of his suspen-sive appeal was filed in the trial court on November 14, 1988.
Through the instant motion to dismiss, appellee seeks dismissal of appellant’s appeal from the original judgment of April 11, 1988. La.Code Civ.Proc. Art. 2087(A) provides that:
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
La.Code Civ.Proc. Art. 1974 provides:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
*1306 When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
La.Code Civ.Proc. Art. 1913 states, in pertinent part, that:
Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
The record in the instant case indicates that appellant was personally served on April 14, 1988, with notice of the judgment confirming the default judgment. Appellant’s devolutive appeal was not taken until October 2, 1988. Clearly, appellant’s appeal was untimely with respect to the April 11, 1988, judgment.
This result is further supported by the holding in Caldwell v. Shipp, 441 So.2d 808 (La.App. 2nd Cir.1983). In that case, that court was faced with an appeal from an amended judgment. That court ruled that the appeal had been taken untimely with respect to the portion of the judgment which had been unaffected by the amendment. However, the court allowed the appeal to continue insofar as a review was sought of the propriety of the amendment of the original judgment. See the same case on subsequent review, Caldwell v. Shipp, 448 So.2d 810 (La.App. 2nd Cir.1984).
Appellant attempts to distinguish Caldwell from the case sub judice by pointing out that the instant case involves a default judgment whereas Caldwell does not. Appellant argues that, since the instant case involves a default judgment, he must be afforded greater protection through the appeal process than was granted in Caldwell. This argument lacks merit. Appellant’s rights are amply protected by the Louisiana Code of Civil Procedure, as well as other protective mechanisms. See, for example, the notice requirements cited above in La.Code Civ.Proc. Art. 1913.
Appellant also seeks to maintain his appeal of the original judgment by citing La.Code Civ.Proc. Art. 2087(C). This subsection states:
C. When one or more parties file post-judgment motions, the delay periods specified herein shall commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court.
Appellant asserts that the above statute legislatively overruled the above cited Caldwell case. Further, appellant contends that this article had the effect of extending the time delays for appealing the original judgment in the instant case until the trial court had issued a ruling on the appellee’s motion to amend the original judgment. These arguments also lack merit.
The delays mentioned in Article 2087(A) were not suspended nor extended by appel-lee’s filing of a post-judgment motion. To contend otherwise is to ignore the clear, unambiguous words of Article 2087. Ap-pellee had seven days, exclusive of holidays, from the service of the notice of judgment in which to file a motion for a new trial. La.Code Civ.Proc. Arts. 1913 and 1974. Failing this, appellant then had sixty days in which take his appeal of the April 11, 1988, judgment. La.Code Civ.Proc. Art. 2087. Since appellant’s appeal was not taken until October 2, 1988, it was clearly not taken before the delays for the appeal had run.
Accordingly, appellant’s appeal is hereby dismissed to the extent that appellant seeks a review of the original judgment of April 11, 1988. This dismissal is at appellant’s cost. The appeal is maintained to the extent that appellant seeks a review of the trial court’s ex parte order of September 1, 1988, which amended the original judgment.
MOTION GRANTED. APPEAL DISMISSED IN PART AND MAINTAINED IN PART.