KING, Judge.
RULE TO SHOW CAUSE
The issue before the Court is whether this appeal should be dismissed as untimely taken.
Defendant-appellant appeals a trial court judgment partially granting plaintiff-appel-lee’s motion for a preliminary injunction. This Court ordered defendant-appellant to show cause why its appeal should not be dismissed as untimely applied for.
On November 28,1988, plaintiff-appellee, the Calcasieu Parish District Attorney’s Office, filed a Petition for Injunctive Relief. The petition sought the issuance of a temporary restraining order and an order to show cause why a preliminary injunction should not issue prohibiting the defendant-appellant from issuing bail bonds in Calca-sieu Parish, Louisiana. A temporary restraining order was issued on November 23, 1988, and a rule to show cause why a preliminary injunction should not issue was also issued on that date. The order fixing the rule to show cause also stated that at the hearing of the rule on November 30, 1988, proof could be adduced by verified pleadings, by supporting affidavits, or by proof as in ordinary cases. The defendant did not file an answer. The rule for issuance of the preliminary injunction was tried summarily on November 30,1988, and at its conclusion the trial judge rendered judgment granting the preliminary injunction. The trial court signed a formal written judgment on December 13,1988, granting the motion for preliminary injunction prohibiting defendant-appellant from issuing bonds until payment of the defendant-appellant’s outstanding bail bond forfeiture judgments.
*983 Notice of Judgment was mailed December 15, 1988. On January 13, 1989, a Motion and Order for a devolutive appeal was filed by the defendant-appellant. On March 1,1989, this Court ex parte issued a rule to show cause why the above captioned appeal should not be dismissed for failure to timely perfect the appeal pursuant to LSA-C.C.P. Art. 3612.
In Zulu v. Washington, 487 So.2d 1248 (La.App. 1st Cir.1986) this Court stated:
“An appeal from an order or judgment relating to a preliminary injunction must, he taken and a bond furnished within fifteen days from the date of the order or judgment_” LSA-C.C.P. art. 3612. The delay is fifteen days, even if the appeal is considered to be devolutive. Benton v. Dinnean, 464 So.2d 1067,1068 (La.App. 1st Cir.1985). The fifteen day delay begins to run from the date of the judgment, not the mailing of notice of judgment, because it is article 3612 rather than article 1914 of the Code of Civil Procedure which controls this situation.* Kinchen v. Kinchen, 256 La. 28, 235 So.2d 81 (1970). (Footnote Omitted.)
In the present case the judgment was rendered in Open Court after trial of the rule on November 30, 1988, a written judgment was signed on December 13, 1988, a notice of judgment was mailed on December 15,1988, and the motion for appeal was not filed until January 13, 1988. On the face of the pleadings, the appeal delay expired before the motion for appeal was made.
However, defendant-appellant, in response to our rule to show cause, argues that the trial court’s judgment in fact decided the merits of the suit and in fact granted a permanent injunction. For this reason defendant-appellant contends it is appealing a judgment granting a permanent injunction, which is a final judgment, and that the 15 day delay for appeal of a preliminary injunction is inapplicable and the appeal delays of La.C.C.P. Art. 2087, governing appeal of a final judgment, set forth the applicable delays for appeal in this case.
In the present case the parties did not stipulate at the trial of the rule for a preliminary injunction that the court’s trial of the preliminary injunction would also serve as a trial on the merits for the permanent injunction. The proceeding for a preliminary injunction is a summary proceeding not an ordinary proceeding. The defendant did not waive his right to a trial on the merits, therefore, this court must conclude that the appeal was from the granting of a preliminary injunction and not from the granting of a permanent injunction. See e.g. Cromwell v. Commerce & Energy Bank, 464 So.2d 721 (La.1985). For these reasons, the appeal of the judgment granting a preliminary injunction is untimely. The preliminary injunction will remain in effect until the bail bond forfeiture judgments are paid or until trial on the merits for a permanent injunction, whichever occurs first.
Accordingly the Rule to Show Cause is hereby made absolute and defendant-appellants appeal from the judgment rendered on November 30, 1988, and signed on December 13, 1988, is hereby dismissed at defendant-appellants cost.
RULE TO SHOW CAUSE MADE ABSOLUTE; APPEAL DISMISSED.