569 So.2d 252 (1990)
BAYOU HUNTING CLUB OF HUNTER, a Non-Profit Corporation, Plaintiff-Appellant,
IP Timberlands Operating Co., Ltd., a Texas Limited Partnership, Plaintiff-Appellant,
v.
DeSOTO PARISH POLICE JURY, Defendant-Appellee.
No. 21,869-CA, 21,870-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
Wiener, Weiss, Madison & Howell by Larry Feldman, Jr., Shreveport, for plaintiffs-appellants.
Robert E. Plummer, Asst. Dist. Atty., Mansfield, for defendant-appellee.
Before MARVIN and FRED W. JONES, Jr., JJ., and LOWE, J. Pro Tem.
MARVIN, Chief Judge.
Resisting the inclination to affirm on the facts the trial court's denial of a preliminary injunction, we notice our lack of jurisdiction and dismiss the appeal because it is untimely. CCP Arts. 2162, 3612.

*253 FACTS
In separate actions, a hunting club-lessee and the landowner-lessor sought to enjoin the DeSoto Parish Police Jury from removing gates which were placed across roads that each plaintiff alleged was a private road. After the actions were consolidated and heard, the trial court granted a preliminary injunction as to Bear Creek Loop Road and denied a preliminary injunction as to the Magnolia Church Road.
The court signed a "Ruling on Injunction Proceedings" on October 24, 1989, and a "Judgment on Application for Preliminary Injunction" on November 6, 1989. Both the ruling and the judgment expressly deny the preliminary injunction as to the Magnolia Church Road. The judgment differs from the ruling only with respect to the granting of the injunction as to the Bear Creek Loop Road, which has not been appealed.
Plaintiffs moved for and were granted an appeal of the November 6 judgment on November 17, 1989. After the record was lodged here, we questioned, by a rule to show cause, the timeliness of the appeal under CCP Art. 3612. This article requires that an appeal from an order or judgment relating to a preliminary injunction be taken "within 15 days from the date of the order or judgment."
Plaintiffs contend the delay should run from November 6, the date of the judgment, because that judgment sets security for the issuance of the preliminary injunction as to the Bear Creek Loop Road and describes the prohibited acts in greater detail than does the October 24 ruling. Plaintiffs argue that the failure of the October 24 ruling to mention security for the preliminary injunction and to describe the prohibited acts in reasonable detail renders the ruling invalid, citing CCP Arts. 3605 and 3610. The police jury counters, asserting that the delay for appealing the ruling denying the preliminary injunction as to the Magnolia Church Road is not affected by the granting of the injunction as to the Bear Creek Loop Road, which is not appealed.

PROCEDURAL FACTS
The rules for preliminary injunction were heard on October 23, 1989. Considering testimony about who had maintained the roads for the past 20 years, the trial court signed the October 24 ruling, which states:
The plaintiffs ... have made a prima facie case supporting the issuance of a preliminary injunction against the defendant from destroying, dismantling or removing any gates, cables or other devices on that road known as the Bear Creek Loop Road, and said preliminary injunction is hereby issued.
Plaintiffs failed to make a prima facie case as to that road known as the Magnolia Church Road, and therefore plaintiffs' prayer for a preliminary injunction against defendant as to that road is hereby denied.
A writ of injunction issued the same day, prohibiting the police jury from "destroying, dismantling or removing any gates, cables or other devices on that road known as Bear Creek Loop Road." The police jury was served with notice of the ruling and with the writ of injunction on October 27, 1989.
On November 2, 1989, plaintiffs filed a request for "written findings of fact [and] reasons for judgment in the Ruling on Injunction Proceedings." In Reasons for Judgment dated November 7, 1989, the trial court stated:
On the trial of the preliminary injunctions the evidence established that the Bear Creek Loop Road, all on IP lands, has been maintained exclusively by IP. There was no evidence at all that the DeSoto Parish Police Jury had performed maintenance work on the road. Therefore, plaintiffs are entitled to a preliminary injunction as to the two entrances to this road.
As to the Magnolia Church Road there was some questionable testimony that IP had performed some work on this road, but a preponderance of the credible evidence was that the DeSoto Parish Police Jury performed the major part of the maintenance work, on a regular basis (every few days) on the Magnolia Church *254 Road at least from 1968 through 1976, without interruption. Apparently the DeSoto Parish Police Jury continued their maintenance until the Hunting Club erected a gate across it, then denying access to both the DeSoto Parish Police Jury and the public.
The court therefore denied plaintiffs' request for a preliminary injunction as to the Magnolia Church Road.
The reasons for judgment were signed on November 7, 1989, and filed on November 10. On November 6, 1989, the court signed a "Judgment on Application for Preliminary Injunction," approved as to form and content by both attorneys. The judgment set security for the injunction as to Bear Creek Loop Road at $100 and expanded the scope of the injunction to prohibit the police jury from trespassing on the road and from preventing the building or rebuilding of any gates across the road, as well as from dismantling any gates on the road. The October 24 ruling had only prohibited the "destroying, dismantling or removing [of] any gates, cables or other devices" on the Bear Creek Loop Road and had not set security for the injunction.
The November 6 judgment states in part:
After a hearing on the application for preliminary injunction on October 23, 1989, this Court entered a Ruling on Injunction Proceedings on October 24, 1989; therefore, it is
... ORDERED, ADJUDGED AND DECREED that the application for a preliminary injunction ... restraining, enjoining and prohibiting DeSoto Parish Police Jury ... from trespassing on Magnolia Church Road in DeSoto Parish, from dismantling any gates on Magnolia Church Road ... and from preventing the building and/or rebuilding of any gates across Magnolia Church Road ... is denied.... RULING entered on October 24, 1989. JUDGMENT SIGNED at Mansfield, Louisiana on this 6 day of November, 1989.

COMMENCEMENT OF APPEAL DELAY
The 15-day appeal delay in CCP Art. 3612 applies to judgments denying, as well as to those granting, a preliminary injunction. Ritchey v. Desser, 199 So.2d 427 (La.App. 3d Cir.1967). Plaintiffs contend the delay should run from the November 6 judgment because the October 24 ruling was invalid for failing to set security, as required by CCP Art. 3610, and for failing to describe in reasonable detail the acts sought to be restrained, as required by CCP Art. 3605. Preliminary injunction judgments were annulled and set aside because of one or both of these deficiencies in Lenfants Caterers v. Firemen's Charitable, 386 So.2d 1053 (La.App. 4th Cir.1980), and Cochran v. Crosby, 411 So.2d 654 (La. App. 4th Cir.1982). This circuit, however, will remand rather than setting aside an otherwise valid preliminary injunction that fails to fix security. Jackson v. Town of Logansport, 322 So.2d 281 (La.App. 2d Cir. 1975). See also Magnon v. Lormand, 420 So.2d 1307 (La.App. 3d Cir.1982).
Additionally, and as the police jury argues, the deficiencies in the October 24 ruling relate only to the granting of the injunction as to the Bear Creek Loop Road, which has not been appealed, and do not affect the denial of the injunction as to the Magnolia Church Road, which was decreed in the October 24 ruling and repeated without change in the November 6 judgment. The changes with respect to the first part of the judgment do not affect the delay for appealing the second part of the judgment. See and compare Caldwell v. Shipp, 441 So.2d 808 (La.App. 2d Cir.1983), and Charter Nat. Bank-Houston v. Power Source, 537 So.2d 1304 (La.App. 3d Cir.1989).
The police jury also correctly argues that its approval of the November 6 judgment as to form and content does not interrupt or extend the delay for appealing the October 24 ruling because the timeliness of an appeal is a jurisdictional requirement that cannot be waived by the parties. Gilcrease v. Gilcrease, 438 So.2d 658 (La.App. 2d Cir.1983), writ denied. Because appeals are favored, we closely scrutinize this record to determine if there is a legal basis upon which we can maintain the appeal, as we did in Gilcrease.
*255 We first consider whether the plaintiffs' filing of the request for findings of fact and reasons for judgment suspended the appeal delay. While there are no cases directly on point, there are cases holding that the Art. 3612 delay is not suspended by the filing of a motion for new trial. Morris v. Transtates Petroleum, Inc., 246 So.2d 183 (La.1971); Cuccia v. Bozeman, 316 So.2d 800 (La.App. 4th Cir.1975). Other cases have held that the Art. 3612 delay runs from the date of the judgment and not from the date of mailing of notice of judgment. Zulu v. Washington, 487 So.2d 1248 (La.App. 1st Cir.1986); First Guar. Bank v. Perilloux, 498 So.2d 239 (La.App. 1st Cir.1986).
The timeliness of an appeal under CCP Art. 3612 was considered in Petroleum Treaters v. Houma Land, 545 So.2d 1300 (La.App. 1st Cir.1989). There, the delay began when the judgment was signed, and not on the date of the earlier oral order denying the preliminary injunction. The minute entry of the oral order stated, "The formal written judgment is to be prepared by [counsel for defendant] and presented to the Court for reading and signing." Here, we have no such minute entry. The trial court's November 6 judgment merely confirms that the court, in the October 24 ruling, denied the preliminary injunction as to the Magnolia Church Road. Moreover, the October 24 ruling is written, not oral, and is in the form of a signed judgment.
In cases where the parties stipulate that the preliminary injunction hearing will constitute a trial on the merits of the application for a permanent injunction, the normal appeal delay, rather than the 15-day delay under Art. 3612, applies. Thomas v. Evergreen Presbyterian Min., 535 So.2d 1046 (La.App. 2d Cir.1988). There is no such stipulation here. The litigants and the court consistently referred to the proceeding as one for a preliminary injunction. Some of the plaintiffs' evidence was introduced by affidavit, which CCP Art. 3609 allows in hearings for a preliminary injunction or for the dissolution or modification of a TRO or a preliminary injunction. The court applied the "prima facie" burden of proof applicable to preliminary injunctions in its ruling and reasons for judgment.
There is no indication in this record that the parties agreed to try the merits of the action for a permanent injunction at the preliminary injunction hearing. Under these circumstances, the 15-day appeal delay applies, notwithstanding that merit issues may have been touched upon or tentatively decided at the preliminary injunction hearing. Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979); Charleston v. Martin, 338 So.2d 1169 (La.App. 2d Cir.1976).
Our dismissal of the appeal from the denial of a preliminary injunction does not conclude the proceedings, which may proceed to trial on the merits of the permanent injunction. Springlake Homeowners Ass'n., Inc. v. Pecot, 321 So.2d 789 (La. App. 4th Cir.1975).

CONCLUSION
Finding no legal basis to maintain the appeal as timely, we dismiss it for lack of jurisdiction. CCP Art. 2162.
APPEAL DISMISSED.