_j_]OEDER
The complex procedural history of this ease should be reviewed.
Members of this court first became aware of the nature of this case upon the filing of a late motion by Cush & Son Grocery for oral argument. This motion was filed after the case had been docketed, but several weeks before oral argument was to be had on that docket.
In examining the record to determine if oral argument would be helpful, we found the parties were apparently proceeding on the appeal of a second judgment taken in the case by the City of Shreveport. This trial court judgment of November 18, 1993, enjoined the City from changing Cush & Son Grocery’s zoning, thus allowing the issuance of a certificate of occupancy which would permit the sale of alcoholic beverages at the location.
Apparently, Cush & Son Grocery enjoyed a nonconforming liquor zoning, which the City contended Cush & Son had lost as a result of the nonuse of that zoning due to the previous suspension of the liquor license of the Cush & Son lessee.
In this regard, we also noted a previous judgment of June 16, 1993, in this record. This judgment suspended the liquor license of the aforesaid lessee of Cush & Son Grocery. An order granting an appeal to the lessee was signed August 16, 1993. No notice of appeal, per LSA-C.C.P. Art. 2121, was sent with respect to the earlier judgment, and there was no separate record or filing fee with respect thereto.
It appeared that if the appellant, Cush & Son’s lessee, prevailed in the first appeal, the *243 second appeal could well be moot. However, it also appeared that this appeal of August 16, 1993, was untimely. LSA-R.S. 26:106; 33:4788. We issued an order on September 8, 1994, noticing the foregoing, and ordered the parties to show cause why the August appeal of the June 16,1993, judgment should not be dismissed as untimely. We ^subsequently received a joint motion to dismiss the August appeal on September 27, 1994. An order issued on that same date dismissing that first appeal.
The motion to orally argue having been previously denied, we considered the matter submitted and proceeded to consider the merits of the appeal taken on December 9, 1993, from the injunction judgment of November 18, 1993.
We thereafter noticed that the judgment of November 18, 1993, did not indicate whether the injunction that issued was a preliminary or permanent injunction. We also noted that the plaintiffs prayer sought only a preliminary injunction, that summary process was utilized, and that the cause bore the same trial court number as Cush & Son Grocery’s lessee’s original suit to challenge the City’s action on his liquor license.
We further noted that LSA-C.C.P. Art. 3612 requires that an appeal from a judgment awarding a preliminary injunction must be taken within 16 days of that judgment without regard to the mailing of the notice of judgment. LSA-C.C.P. Art. 3612; Zulu v. Washington, 487 So.2d 1248 (La.App. 1st Cir.1986).
Thus, if the judgment rendered on November 18 was a preliminary injunction (as opposed to a permanent injunction), the City’s devolutive appeal, filed on December 9,1993, appeared untimely. We therefore ordered the parties to show cause why the December 9, 1993, appeal relating to the injunctive relief should not be dismissed as untimely.
Cush & Son Grocery responded, arguing for the untimeliness of the appeal with a motion to supplement the record. That supplementation was styled as a .“Supplemental Ruling (For Clarification)” signed by the trial judge on January 6, 1996. Although almost a page in length, the crux of the ruling is in the following statement found therein: “This Court deemed the December 9, 1993 Judgment a preliminary, not permanent, injunction.”
The City responded, contending that the injunction that had issued was a permanent injunction, referencing a written stipulation of facts presented to the trial court at the trial of the injunction. The city also challenged the rationale of Zulu v. Washington, supra, on a due process basis.
Preliminarily, we conclude that the supplemental ruling of January 6, 1996, is a substantive change to the judgment of November 18, 1993, not authorized by LSA-C.C.P. Art. 1951. Gulfco Investment Group, Inc. v. Jones, 577 So.2d 775 (La.App.2d Cir.1991). The trial court was therefore without jurisdiction to make the change. LSA-C.C.P. Art. 2088. Accordingly, we deny the motion to file that supplemental ruling into the record.
This ruling, however, does not assist the City. We agree that the judgment of November 18, 1993, was one for a preliminary injunction. It is clear that the injunction came on for hearing by summary process. We have examined the stipulation of facts ^referenced by the city and find nothing in those stipulations to indicate that the parties expressly agreed to submit the case for a final decision on a permanent injunction at the hearing on the rule for a preliminary injunction. Further, we find no agreement elsewhere in the record to avail the City’s position. We can only conclude the injunction awarded by the judgment of November 19, 1993, is a preliminary one. Equitable Petroleum v. Central Transmission, Inc., 431 So.2d 1084 (La.App. 2d Cir.1983); Ieyoub v. Accredited Surety and Casualty Company, Inc., 541 So.2d 982 (La.App.3d Cir.1989), writ denied, 544 So.2d 1181 (La.1989).
A preliminary injunction, by its nature, is an interlocutory judgment. Thus, LSA-C.C.P. Art. 3612 creates an exception to the general rule of LSA-C.C.P. Art. 2083 that interlocutory judgments are not appealable unless they cause irreparable injury. Ormond Country Club v. Dorvin Developments, *244 Inc., 498 So.2d 144 (La.App. 5th Cir.1986), writ denied, 500 So.2d 423 (La.1987).
Thus, LSA-C.C.P. Art. 3612 provides the special rule that an appeal from a preliminary injunction must be taken within 15 days from the date of judgment itself, not the mailing of a notice of judgment. Zulu v. Washington, supra. This is a rule of longstanding. See Kinchen v. Kinchen, 256 La. 28, 235 So.2d 81 (1970). We discern no due process dimensions.
This appeal was therefore not timely perfected and we are without jurisdiction. LSA-C.C.P. Art. 2162. Hough v. Brookshire Grocery Co., 618 So.2d 587 (La.App.2d Cir.1993), writ denied, 629 So.2d 346 (La.1993); Bargas v. Land, 457 So.2d 1278 (La.App. 1st Cir.1984). Accordingly, the appeal from the judgment herein of November 18, 1993, is hereby dismissed.
APPEAL DISMISSED.