# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

### 2019 CA 0431

### 2018 CW 1759 and 2019 CW 0642

### STEVENS CONSTRUCTION & DESIGN, L.L.C.

### VERSUS

### ST. TAMMANY FIRE PROTECTION DISTRICT NO. 1

Judgment Rendered: __JAN 1 6 2020__

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 2018-14143

Honorable Martin E. Coady, Judge Presiding

*************

| | |
|---|---|
| Charles K. Chauvin<br>Destrehan, LA | Counsel for Plaintiff/Appellant<br>Stevens Construction & Design,<br>L.L.C. |
| Troy G. Ingram<br>Slidell, LA | Counsel for Defendant/Appellee<br>St. Tammany Fire Protection<br>District No. 1 |
| Albert Dale Clary<br>Adrian G. Nadeau<br>J. Weston Clark<br>Baton Rouge, LA | Counsel for Intervenor/Appellee<br>Domain Architecture, APAC,<br>Greenleaf Lawson Architects,<br>APAC, and Domain Architecture +<br>Greenleaf Baton Rouge, Architects,<br>A Joint Venture |

*************

BEFORE: WHIPPLE, C.J., GUIDRY, McDONALD, McCLENDON, WELCH, HIGGINBOTHAM, CRAIN,[1] THERIOT, HOLDRIDGE, CHUTZ, PENZATO, AND LANIER, JJ.

[1] Justice Will Crain is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.

**WHIPPLE, C.J.**

Plaintiff, Stevens Construction & Design, L.L.C., appeals a judgment of the district court denying its petition for a preliminary injunction. For the following reasons, we dismiss the appeal and decline to consider the related writ applications, 2018 CW 1759 and 2019 CW 0642, which were referred to the merits panel for consideration, as untimely.

## FACTS AND PROCEDURAL HISTORY

On May 11, 2017, Stevens Construction & Design, L.L.C. (Stevens Construction) entered into a contract with the St. Tammany Fire Protection District No. 1 (Fire District), wherein Stevens Construction would serve as the general contractor for the construction of a new fire station and headquarters building located at 522 Robert Boulevard and 530 Robert Boulevard in Slidell, Louisiana for a total sum of $2,845,678.00. The architect for the project was a joint venture between two architectural firms, Domain Architecture, APAC and Greenleaf Lawson Architects, APAC (the Architect). The contract provided for completion of the project in 365 calendar days. Construction work on the project began on June 1, 2017, pursuant to a "notice to commence work" issued by the Fire District. An additional 47 calendar days were added to the contract's completion date pursuant to approved change orders.

On July 19, 2018, the Architect sent a letter to Stevens Construction, notifying it that the contractual date for substantial completion, July 18, 2018, had passed and requesting that Stevens Construction provide a "realistic completion plan by Monday, July 23." Stevens Construction, through owner Adam Stevens, responded on July 23, 2018, with a "scheduled contractual completion response," which proposed that the project would be substantially complete by September 14, 2018. On July 27, 2018, Fire Chief Chris Kaufmann issued a letter to Stevens

Construction and its surety by electronic and certified mail to the addresses listed in the contract, notifying them that the Fire District was considering declaring Stevens Construction in default under the contract and requesting a meeting with Stevens Construction and its surety within ten days. Counsel for Stevens Construction responded on August 6, 2018, agreeing to a meeting. Subsequently, the Architect outlined various concerns with the project in a letter dated August 15, 2018, which was sent to Stevens Construction, its surety, and the Fire District. On August 22, 2018, Chief Kaufmann sent a letter to Stevens Construction and its surety by electronic and certified mail, summarizing his concerns with Stevens Construction's performance on the project and directing Stevens Construction to stop work on the project by 4:00 p.m. on August 23, 2018.

On August 23, 2018, Stevens Construction filed a verified petition for temporary restraining order, preliminary injunction, permanent injunction, and writ of mandamus. Pertinent to this appeal, Stevens Construction alleged that the Fire District had invalidly issued a stop work order with the purported intent to terminate Stevens Construction from the project; therefore, Stevens Construction was seeking a temporary restraining order and injunctive relief to prohibit the Fire District's purportedly invalid actions. On August 24, 2018, the district court signed a temporary restraining order, enjoining the Fire District from taking any further action to enforce the subject stop work order or otherwise bar Stevens Construction from continuing to complete its work on the project. That same day, the Architect issued a certification in its role as the initial decision maker under the General Conditions of the contract, providing reasons why sufficient cause existed for terminating Stevens Construction under the terms of the contract. After receiving the certification-of-cause letter from the Architect, the Fire District issued a letter to Stevens Construction and its surety, dated August 24, 2018, via

3

electronic and certified mail, providing seven days written notice prior to the Fire District's termination for cause of Stevens Construction. On September 4, 2018, the Fire District issued a Notice of Termination to Stevens Construction and its surety by both electronic and certified mail, citing Articles 14.2.1. and 14.2.2 of the General Conditions and Article 3.10.3 of the Supplementary Conditions of the contract, detailing the reasons the Fire District found sufficient cause for terminating Stevens Construction and attaching the Architect's certification.

The district court held a hearing on the preliminary injunction on September 4 and 6, 2018.[1] Following the hearing, wherein the court heard testimony and received evidence, the district court took the matter under advisement. On September 13, 2018, the district court issued its reasons for judgment, finding that in the time between the issuance of the temporary restraining order and the hearing on the preliminary injunction, the Fire District had complied with the terms of the contract between it and Stevens Construction in order to terminate Stevens Construction. Accordingly, the district court found that Stevens Construction's request for a preliminary injunction should be denied, and that its temporary restraining order should likewise be dissolved. The district court instructed counsel for the Fire District to submit a judgment reflecting the court's ruling.

A judgment submitted by the Fire District was signed by the district court, with a date of September 20, 2018.[2] On October 4, 2018, Stevens Construction filed a motion for new trial from the district court's September 20, 2018 judgment denying its request for preliminary injunction and dissolving its temporary restraining order. The following day, the district court signed a rule ordering the Fire District and Architect to show cause as to why Stevens Construction's motion

---

[1] The hearing began on September 4, 2018, but was continued to September 6, 2018, due to approaching Tropical Storm Gordon.

[2] The district court apparently dated this judgment in error, as it was actually signed on September 21, 2018.

4

should not be granted. The district court specifically wrote on the order that the "hearing is limited in scope only to reconsideration of plaintiff's objection raised regarding the language of the September 20, 2018 judgment and will be limited to oral arguments only." On October 10, 2018, Stevens Construction filed a motion and order for suspensive appeal from the September 20, 2018 judgment, which was denied by the district court.

On November 2, 2018, the district court signed a judgment purporting to "correct and amend" the September 20, 2018 judgment. However, the district court's ruling on the preliminary injunction and temporary restraining order remained unchanged. On November 14, 2018, Stevens Construction filed an amended and supplemental motion for suspensive appeal as well as a notice of intent to file a writ for supervisory review.

Stevens Construction then filed both a writ application and an appeal from the judgments denying it injunctive relief. Stevens Construction requested that this court review the writ application filed on December 14, 2018, as an expedited matter, contending it feared that the Fire District would contract with a new company in the meantime to finish the project and thereby render moot the ultimate relief it sought, i.e., to finish the project itself and collect the monies allegedly owed to it. On January 10, 2019, the writ application was referred to this panel. Stevens Construction and Design, LLC v. St. Tammany Fire Protection District No. 1, 2018 CW 1759 (La. App. 1st Cir. 1/10/19). Subsequently, Stevens Construction sought review from the Louisiana Supreme Court, which on May 9, 2019, granted the plaintiff's writ for the "sole purpose of transferring [the] application to the court of appeal for consolidation with other pending matters and consideration in an expedited manner." See Stevens Construction and Design, L.L.C. v. St. Tammany Fire Protection District No. 1, 2019-0712 (La. 5/9/19), 270

5

So. 3d 569. On May 13, 2019, Stevens Construction then filed a second writ application with this court, again seeking identical relief, and on May 23, 2019, that writ application was also referred to the panel to which this appeal was assigned. Stevens Construction and Design, LLC v. St. Tammany Fire Protection District No. 1, 2019 CW 0642 (La. App. 1st Cir. 5/23/19).

The matter was initially submitted to a three-judge panel. However, upon review, the matter was re-docketed for *en banc* consideration to definitively set forth the applicable law regarding the running of the time delays for an appeal of a judgment or order relating to a preliminary injunction, in light of an ostensible conflict in the jurisprudence of this circuit which would affect the timeliness of the instant appeal and our jurisdiction to decide the matter.

## DISCUSSION

A preliminary injunction is an interlocutory judgment designed to preserve the status quo between the parties pending a trial on the merits. Stevens v. St. Tammany Parish Government, 2016-0197 (La. App. 1st Cir. 1/18/17), 212 So. 3d 562, 565. Nevertheless, LSA-C.C.P. art. 3612(B) provides that an appeal may be taken as a matter of right from an order or judgment relating to a preliminary injunction. However, the party aggrieved by the order or judgment must take an appeal within fifteen days of the order or judgment, not the mailing of notice of judgment. LSA-C.C.P. art. 3612(C); JODI Properties, LLC v. Cochran, 2015-1327 (La. App. 1st Cir. 6/3/16), 2016 WL 3134507, *2 (unpublished), writ not

6

considered, 2016-1277 (La. 10/28/16), 208 So. 3d 377[3]; First Guaranty Bank v. Perilloux, 498 So. 2d 239, 240 (La. App. 1ˢᵗ Cir. 1986)[4]; Zulu v. Washington, 487 So. 2d 1248, 1249 (La. App. 1ˢᵗ Cir. 1986)[5], ("[t]he fifteen day delay begins to run from the date of the judgment, not the mailing of notice of judgment, because it is article 3612 rather than article 1914 of the Code of Civil Procedure which controls this situation"). To the extent this court suggested otherwise in Roba, Inc. v. Courtney, 2009-0509 (La. App. 1ˢᵗ Cir. 8/10/10), 47 So. 3d 509, 514 n.12, that portion of the opinion is hereby overruled.

---

[3] In JODI Properties, plaintiffs sought a preliminary and permanent injunction against defendants, alleging defendants obstructed the natural drainage from plaintiffs' property, causing it to flood. JODI Properties, 2016 WL 3134507 at *1. A hearing on the preliminary injunction took place on October 27, 2014, at the conclusion of which the district court took the matter under advisement, instructing the parties to file post-hearing affidavits. On November 12, 2014, the district court signed an order granting the preliminary injunction, and on March 16, 2015, defendants filed a motion for suspensive appeal. Defendants argued that although the motion was filed nearly four months after the signing of the order, the appeal delays had never begun to run because notice of the November 12, 2014 order had been sent to an incorrect address and, therefore, was never received by defendants. The district court allowed the defendants to take supervisory writs instead, which were denied by this court. See JODI Properties, LLC v. Cochran, 2015-0625 (La. App. 1ˢᵗ Cir. 4/23/15) (unpublished). Defendants then filed a "renewed" motion for appeal on May 18, 2015. This court noted that according to LSA-C.C.P. art. 3612, a motion for appeal of a preliminary injunction order must be taken within fifteen days from the date of the order or judgment. JODI Properties, 2016 WL 3134507 at *1. Because the motions for appeal from the November 12, 2014 order were filed well after the fifteen-day delay set forth in LSA-C.C.P. art. 3612, they were untimely, and therefore, the appeal was dismissed. JODI Properties, 2016 WL 3134507 at *2.

[4] In First Guaranty Bank, plaintiff filed suit for executory process in connection with a mortgage executed by defendant. First Guaranty Bank, 498 So. 2d at 240. Defendant sought to stop the seizure and sale of the mortgaged property via injunctive relief. On August 28, 1985, the district court signed an order denying the defendant's request for a preliminary injunction. Notice of the judgment was mailed to counsel of record on September 3, 1985, and defendant filed his motion for suspensive appeal on September 17, 1985. First Guaranty Bank, 498 So. 2d at 240. This court held that pursuant to LSA-C.C.P. art. 3612, an appeal from an order or judgment relating to a preliminary injunction must be taken within fifteen days from the date of the order or judgment. The fifteen-day delay begins to run from the date of the judgment, not the mailing of the notice of judgment. Therefore, the appeal was dismissed as untimely, as the motion for appeal was filed twenty days after the date of the order. First Guaranty Bank, 498 So. 2d at 240.

[5] In Zulu, plaintiff's request for a preliminary injunction was denied by order dated April 1, 1985. Zulu, 487 So. 2d at 1249. Notice of the judgment was mailed to plaintiff on April 8, 1985, and plaintiff's motion for appeal was filed on April 22, 1985. This court dismissed the appeal as untimely, finding that plaintiff had until April 16, 1985 to perfect an appeal. The court further noted that by the time plaintiff had filed its motion on April 22, the delay had already expired. Thus, because plaintiff's appeal was not timely perfected, this court lacked jurisdiction, and accordingly, the appeal was dismissed. Zulu, 487 So. 2d at 1249.

7

The fifteen-day delay does not commence to run on a judgment granting or denying a preliminary injunction until the judgment is signed. Stevens, 212 So. 3d at 566.

In addition, the delay for taking an appeal is not affected by the filing of a motion for new trial. Stevens, 212 So. 3d at 566. However, in cases where the parties stipulate that the preliminary injunction hearing will constitute a trial on the merits of the application for a permanent injunction, the normal appeal delays, rather than the fifteen-day delays under LSA-C.C.P. art. 3612, apply. Bayou Hunting Club of Hunter v. DeSoto Parish Police Jury, 569 So. 2d 252, 255 (La. App. 2nd Cir. 1990). In the instant matter, there is no indication in the record that the parties agreed to try the merits of the action for a permanent injunction at the preliminary injunction hearing. Instead, the record indicates that the parties intended for this hearing to solely determine the issue of the preliminary injunction.[6]

In Morris v. Transtates Petroleum, Inc., 258 La. 311, 321, 246 So. 2d 183, 186 (1971), the Louisiana Supreme Court explained that appeal delays run from the date of the judgment and are not interrupted or suspended by the filing of a motion for new trial because "the delays incident to applications for new trials

---

[6]In City of Baton Rouge v. State, ex rel. Dept. of Social Services, 2007-0005 (La. App. 1st Cir. 9/14/07), 970 So. 2d 985, 995, this court stated:

> The principal demand for a permanent injunction, as opposed to the preliminary injunction, is determined on its merits only after a full trial under ordinary process, even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or decide issues regarding the merits. Only when the parties have expressly agreed to submit the case for a final decision at the hearing on the rule for a preliminary injunction, may the ruling on the preliminary injunction definitively dispose of the merits of the case. An express agreement by the parties to consolidate the preliminary and permanent injunctions is essential; a trial court is without the authority to unilaterally convert a hearing for a preliminary injunction into a judgment of permanent injunction. [Internal citations omitted].

In the instant matter, the trial court specifically stated on the record the scope of the hearing as relating to the preliminary injunction only, after conferencing with the parties. Moreover, counsel for Stevens Construction maintained prior to and after the hearing that the hearing in question "dealt solely with the request for preliminary injunction."

have no reference to the fifteen[-]day delay for perfecting an appeal from an order or judgment relating to a preliminary injunction under Article 3612." The Supreme Court emphasized in Morris that there are no exceptions to the mandate in this article, and there is no reference to applications for new trials suspending the time provided for appeal. Morris, 258 La. at 321, 246 So. 2d at 186-187. As stated therein:

> The articles regulating new trials ([LSA-C.C.P.] arts. 1971, et seq.) pertain to cases which have been tried on the merits, and the articles have no relation to interlocutory orders such as orders or judgments bearing on preliminary injunctions which are only rendered during the course of the proceeding and before final judgment.

Morris, 258 La. at 321-322, 246 So. 2d at 187.

The Supreme Court held that the delays for appeal from a judgment denying a preliminary injunction are not suspended or held in abeyance when a party files an improper motion for new trial. Instead, the fifteen-day delay prescribed by LSA-C.C.P. art. 3612 for appeal tolls from the day the judgment is rendered denying the preliminary injunction. Morris, 258 La. at 322, 246 So. 2d at 187.

In the instant case, the hearing on the preliminary injunction was held on September 4 and 6, 2018, and the matter was then taken under advisement. On September 13, 2018, the district court issued its reasons for judgment, denying the preliminary injunction and requesting that a written judgment be submitted reflecting the court's ruling. The district court signed the judgment dissolving the temporary restraining order and denying the preliminary injunction on September 20, 2018. However, this was a typographical error, as the district court later acknowledged that it actually signed the judgment on September 21, 2018.[7] Thus, in accordance with LSA-C.C.P. art. 3612, September 21, 2018 is the date from

_____

[7]It is well-settled that prior to final judgment a district court may, at its discretion and on its own motion, change the result of interlocutory rulings it finds to be erroneous. VaSalle v. Wal-Mart Stores, Inc., 2001-0462 (La. 11/28/01), 801 So. 2d 331, 334.

which appeal delays began to toll. Counting fifteen days from September 21, 2018, the deadline would have fallen on October 6, 2018, which was a Saturday. However, the motion for appeal was not fax filed until October 10, 2018 which was beyond the fifteen day time period.[8]

The requisite actions that must be taken to perfect an appeal of a preliminary injunction are specifically governed by LSA-C.C.P. art. 3612. The article provides that the appellant, if he so chooses, may take an appeal from the ruling on the preliminary injunction, but the appeal must be taken within fifteen days from the date of the order or judgment. Although the district court "amended and corrected" the date of the original judgment as well as some of the other relief granted, we are constrained to recognize that the district court did not dissolve or otherwise modify its ruling denying the preliminary injunction, taking the action out of the realm of LSA-C.C.P. art. 3607.[9] Any changes to other portions of the trial court's judgment do not affect the delay for appealing the portion of the judgment denying Stevens Construction's request for a preliminary injunction. See Bayou Hunting Club of Hunter, 569 So. 2d at 254. Furthermore, the filing of a motion for new trial did not affect the appeal delays for this action; therefore we are likewise constrained to find that the motion for appeal filed on October 10,

---

[8]We note that even if Columbus Day, October 8, 2018, were considered to be a legal holiday, the next non-legal holiday on which Stevens Construction was obligated to file its motion was October 9, 2018. Stevens Construction did not file until October 10, 2018; therefore, even using this later date, its filing would remain untimely.

[9]Louisiana Code of Civil Procedure article 3607 provides in part that "[a]n interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days' notice to the adverse party, or such shorter notice as the court may prescribe."

2018 was untimely.[10] When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal. See Board of Commissioners of Hammond Area Economic and Industrial Development District v. All Taxpayers, Property Owners, Citizens of the City of Hammond, 2006-1832 (La. App. 1st Cir. 10/6/06), 944 So. 2d 640, 642-643, writ denied, 2006-2426 (La. 11/3/06), 940 So. 2d 675. Accordingly, the instant appeal must be dismissed.[11]

## CONCLUSION

For the above and foregoing reasons, the appeal of the district court's judgment denying Stevens Construction's preliminary injunction is hereby dismissed. Costs of this appeal are assessed against plaintiff/appellant, Stevens Construction & Design, L.L.C.

**APPEAL DISMISSED; WRITS NOT CONSIDERED.**

---

[10]For the same reasons, the notice for supervisory writs filed by Stevens Construction on November 14, 2018, requesting supervisory review of the denial of its preliminary injunction was also untimely. Therefore, 2018 CW 1759 and 2019 CW 0642 cannot be considered. Louisiana Code of Civil Procedure Article 3612 uses the permissive "may" rather than "shall" indicating than an appeal is permitted, but not mandated, to seek review of judgments relating to injunctions. If a party elects to seek review by applying for supervisory writs, it must be done within the same time limits allowed for an appeal of the judgment complained of, which is fifteen days under LSA-C.C.P. art. 3612. See In re Harrier Trust, 2018-0667 (La. App. 3rd Cir. 10/17/18), 259 So. 3d 402, 408; First Bank and Trust v. Duwell, 2011-0104 (La. App. 4th Cir. 5/18/11), 70 So. 3d 15, 17 n.5.

[11]We note, however, that appellant is not without remedy, as it may proceed to trial on the merits of the request for a permanent injunction, from which an appeal may be taken.