363 So.2d 86 (1978)
Isadore D. BRICKMAN, M.D.
v.
BOARD OF DIRECTORS OF WEST JEFFERSON GENERAL HOSPITAL et al.
No. 9804.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1978.
Archie C. Tatford, Jr., New Orleans, for plaintiff-appellant.
John J. D'Angelo, Gretna, for defendants-appellees.
Before GULOTTA, STOULIG and BEER, JJ.

ON MOTION TO DISMISS
STOULIG, Judge.
Appellees move the court to dismiss this appeal on the grounds that neither the motion for appeal nor the appeal bond was filed timely.
The record reflects that on March 20, 1978 the trial court maintained an exception of prematurity and dismissed plaintiff's suit seeking a preliminary and permanent injunction against the Board of Directors, the Chief of the Medical Staff, the Chief of the Department of Surgery, and the Director, West Jefferson General Hospital. Since there is no complaint of the lack of notice of the rendition of the judgment, it must be presumed that the trial court rendered judgment at the conclusion of the hearing on the merits of the exception.
Some 30 days later on April 19, 1978, appellant filed his motion for a suspensive appeal which was not signed by the trial judge until April 24, 1978 and was conditioned upon the posting of security in the amount of $500. The required bond was not filed until July 5, 1978, allegedly because *87 appellant was unaware that his motion and order for appeal had been granted by the trial judge.
Appellees submit that under C.C.P. art. 3612 the appellant had 15 days from the date of the judgment within which to appeal from the denial of injunctive relief and since neither the motion for appeal nor the posting of the required bond required was filed within this delay, the appeal was not perfected timely and therefore must be dismissed. We disagree.
It is now well settled that appeals are favored in the law and must be sustained whenever there exists any valid basis for doing so. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963); Succession of Videau, 228 So.2d 352 (La.App. 4th Cir. 1969).
At the outset two things should be noted. The plaintiff's petition seeks both a preliminary and a permanent injunction against the hospital; and secondly, the 15-day appeal period prescribed by C.C.P. art. 3612 is applicable only to an order or judgment relating to a preliminary injunction and an appeal from the granting or denial of a permanent injunction is governed by the same delays afforded in ordinary proceedings. Therefore, it must be concluded that while this appeal may not be timely as it relates to the denial of the preliminary injunction, it is valid as a devolutive appeal from the denial of the permanent injunction. C.C.P. art. 3612, fn. (b); Pier 1 Imports, Inc. v. Pitcher, 264 So.2d 674 (La.App. 1st Cir. 1972).
The motion for and the order granting an appeal was filed within the 60-day delay allowed for a devolutive appeal (C.C.P. art. 2087). Admittedly the bond required by the order of appeal was not filed until well beyond the 60-day devolutive appeal period;[1] however, this in itself is of no legal significance in view of the amendment to C.C.P. art. 2124 dispensing with security for a devolutive appeal effective as to all orders of appeal signed after January 1, 1978. Plaintiff's motion and order falls within this exemption.
For these reasons the motion to dismiss is denied.
MOTION DENIED.
NOTES
[1] Judgment on exceptions rendered and signed on March 20, 1978. Delay for applying for a new trial expired on March 29. Motion for a new trial filed on April 19 and signed on April 24. The 90-day delay for perfecting a devolutive appeal expired on May 29. Security required by order of appeal posted on July 5, 1978.