593 So.2d 836 (1992)
Melvin E. BOX, Sr., et al.
v.
FRENCH MARKET CORPORATION. Consolidated With
Lahcen KHAN
v.
FRENCH MARKET CORPORATION. Consolidated With
Cecil CATOLOS, et al.
v.
FRENCH MARKET CORPORATION. Consolidated With
W.C. JOHNSON, et al.
v.
FRENCH MARKET CORPORATION. Consolidated With
Stephen ALISON, et al.
v.
FRENCH MARKET CORPORATION.
Nos. 91-CA-2250, 91-CA-2251, 91-CA-2252, 91-CA-2253 and 91-CA-2254.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1992.
*837 Wilma T. James, New Orleans, for defendant/appellant.
Donald R. Mintz, Michael A. Berenson, Sessions & Fishman, New Orleans, for plaintiffs/appellees.
Before SCHOTT, C.J., ARMSTRONG, J., and GULOTTA, J. Pro Tem.
JAMES C. GULOTTA, Judge Pro Tem.
Plaintiffs filed a motion to dismiss defendant's appeal of the judgment granting plaintiffs' request for a preliminary injunction. The preliminary injunction was granted on June 20, 1991. On July 3, 1991, defendant filed a notice of intent to apply for supervisory writs and filed the application on July 22, 1991.
In that writ application, 91-C-1505, defendant argued that the preliminary injunction should be set aside. On September 11, 1991, this court declined to exercise its supervisory jurisdiction finding that the judgment on the preliminary injunction is final because defendant failed to take an appeal within fifteen days of the judgment as required by LSA-C.C.P. art. 3612.
On August 21, 1991, defendant filed a motion for appeal of the June 20, 1991 judgment granting the preliminary injunction. Plaintiffs subsequently filed this motion to dismiss this appeal as untimely according to C.C.P. art. 3612.
Defendant argues that the trial court's denial of exceptions of no cause of action and no right of action rendered in the same judgment which granted the preliminary injunction makes this judgment one which partially determines the merits of this case. Therefore, defendant argues that the jurisprudence mandates that the sixty day appeal period for ordinary proceedings set forth in LSA-C.C.P. art. 2087 applies in this case. However, the cases cited by defendant involved judgments on injunctions combined with other appealable judgments.
The denial of exceptions of no cause of action and no right of action are interlocutory judgments and are not appealable where there has been no showing of irreparable harm. LSA-C.C.P. arts. 1841, 2083; see Updegraff v. Parish of St. Bernard, 433 So.2d 863 (La.App. 4th Cir. 1983). No such showing has been made in this case. Furthermore, the fact that the appealable preliminary injunction judgment was rendered in the same judgment as the interlocutory judgments does not authorize appellate review of the interlocutory judgments. Ciolino v. Castiglia, 446 So.2d 1366 (La.App. 1st Cir.1984). Therefore, defendant's argument that the rendering of the judgment on the injunction with the judgment on the exceptions makes the entire *838 judgment subject to the appeal delay periods in C.C.P. art. 2087 rather than C.C.P. art. 3612 is without merit.
Defendant also claims that because its petition requested both a preliminary and permanent injunction, the longer appeal period controlling permanent injunction judgments should apply. Defendant cites the case of Brickman v. Board of Directors of West Jefferson General Hospital, 363 So.2d 86 (La.App. 4th Cir.1978) as support for its position. However, in the Brickman case, the court ruled that the sixty day devolutive appeal period applied because the judgment being appealed dismissed a suit seeking a preliminary and a permanent injunction.
In this case, the judgment rendered only addressed the request for a preliminary injunction. The defendant's request for a permanent injunction is still pending in the trial court. Therefore, the fifteen day appeal period prescribed by C.C.P. art. 3612 for appeals relating to preliminary injunctions is applicable in this case.
Because the defendant failed to take an appeal within fifteen days of the judgment as required by C.C.P. art. 3612, the judgment granting the preliminary injunction is final. Defendant's filing of an application for supervisory writs in this case did not have the effect of interrupting or suspending the delay period provided by art. 3612 for taking an appeal. Carmadelle v. Urrate, 359 So.2d 708 (La.App. 4th Cir.1978). Accordingly, plaintiffs' motion to dismiss this appeal is granted.
Defendant's motion to defer this appeal until its request for a permanent injunction is considered is denied. That ruling will involve a new judgment which can be appealed after that judgment is rendered.
MOTION TO DISMISS APPEAL GRANTED, MOTION TO DEFER APPEAL DENIED.