665 So.2d 1202 (1995)
CITY OF NEW ORLEANS
v.
Martin BENSON, Martin Benson Trust and Robert Darling.
No. 95-C-2436.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1995.
*1203 Avis Marie Russell, City Attorney, Annabelle H. Walker, Deputy City Attorney, New Orleans, for Relator, City of New Orleans.
John D. Rawls, New Orleans, for Respondents, Martin Benson, Martin Benson Trust and Robert Darling.
Before BARRY, ARMSTRONG and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
The City of New Orleans, petitioner, seeks supervisory review of judgments denying their motion to set aside a protective order forbidding the City to enter the premises of defendants, Martin Benson and Martin Benson Trust except in a genuine emergency or upon compliance with La.C.C.P. arts. 1461-62, and granting the motion of Benson, the Benson Trust and defendant Robert Darling for injunction staying proceedings of the Administrative Adjudication Bureau pending further orders of the District Court.
Martin Benson and the Martin Benson Trust are the owners of a five-story building located at 700 Baronne Street in the city of New Orleans. According to the defendants, the building is used as "a Gay oriented bathhouse under the name `Midtowne Spa'." In January 1995, days after firefighters answered a New Year's Day fire alarm, a city fire inspector cited the manager of the bathhouse, defendant Robert Darling, with twenty separate alleged violations of the New Orleans Fire Prevention Code and Building Code of the City of New Orleans. A separate proceeding is pending in New Orleans Municipal Court as to Mr. Darling and those alleged codal violations.
On 26 January 1995, the City filed a petition for writ of injunction and application for temporary restraining order in the Civil District Court for the Parish of Orleans seeking to enjoin the defendants from operating the spa. The request for TRO was denied. On 3 February 1995, following a hearing, the court issued a preliminary injunction enjoining the operation of the top three floors of the spa. The court dispensed with the need for the City to furnish security under authority of La.R.S. 13:4581.
Subsequently, the defendants filed a motion to dissolve the preliminary injunction on the grounds that the building was in compliance with fire building codes and the City filed a rule for contempt, charging that the defendants were continuing to operate the spa in violation of the 3 February 1995 court order. The City also sought another TRO and injunctive relief completely closing down the spa. On 26 May 1995 a duty judge granted a TRO shutting down the business completely. On 19 June 1995 the trial court judge dissolved the TRO, leaving in effect the previously issued preliminary injunction enjoining use of the top three floors of the business. The court, at that time, also declared the defendants to be in contempt of court and ordered them to pay a fine of $500.00. However the fine was suspended.
On 28 June, the defendants filed a motion to dissolve the preliminary injunction or, in the alternative, to require the City to furnish security. On 28 June 1995 the trial court denied the motion to dissolve the preliminary injunction, as well as the motion to require security. On its own motion the court reversed its previous finding of contempt and denied the rule for contempt. Defendants appealed from that judgment in City of New Orleans v. Martin Benson, Martin Benson Trust and Robert Darling, 95-CA-1505, La. App. 4 Cir. 11/30/95, 665 So.2d 1196. This *1204 Court affirmed the trial court judgment in that appeal.
On 18 August hearing was had on the defendants' third motion to dissolve the preliminary injunction. As a result, on 21 August, the 28 June judgment was modified to provide for the dissolution of the injunction upon proof of the correction of certain enumerated code violations.[1]

STATEMENT OF FACTS
Prior to a 19 July hearing date in Municipal Court, both parties began discovery. The defendants sought to depose various Fire Department officials. The City sought to reinspect the premises and to photograph the areas of alleged code violations. The City also wanted to make a videotaped record of the reinspection, with the intent to use the tape as evidence in the district court proceeding. At that point, voluntary cooperation on informal discovery broke down. Defense counsel contacted the court for relief. Defense counsel then sent notice by facsimile transmission to the City's counsel that the court would hear discovery arguments on an emergency basis the next morning, 13 July. The City's counsel was unable to appear or notify the court prior to the scheduled hearing. Accordingly, the court ruled by ex parte hearing. On 14 July the court issued a protective order forbidding the City to enter defendants premises except in a "genuine emergency" without complying with La. C.C.P. arts. 1461-1462.[2]
The City filed a motion to reconsider, which it subsequently amended to redesignate as a motion to set aside the protective order. In addition, the defendants filed a motion for a TRO and an Answer and Reconventional Demand, which included a request for injunctive relief, to enjoin the City from continuing with an Administrative Adjudication Bureau proceeding against defendants. The motions were heard on 29 September, at which time the court denied the City's motion to set aside the protective order and granted the defendants' motion for injunction, staying the proceedings of the Administrative Adjudication Bureau until further orders by the district court. Written judgments were issued 5 October. It is from these judgments that the City seeks supervisory relief.

ANALYSIS
Supervisory review is appropriate in cases involving preliminary injunctions. The statute provides that appeal may be taken as a matter of right from an order or judgment relating to a preliminary injunction uses the word "may" rather than "shall" indicating that appeal is permitted, but not mandated, to seek review of judgments relating to injunctions. La.C.C.P. art. 3612. Mik-Lee, Inc. v. City of New Orleans, 581 So.2d 261 (La.App. 4 Cir.1990), writ denied 576 So.2d 28 (La.1991).
Although a judgment on a preliminary injunction may be considered under the court's supervisory jurisdiction, the respondent notes several reasons why this application should be denied without consideration of the merits.
First, the respondent notes that the application was filed with only a proposed unexecuted order from the trial court. The relator noted that the notice of intent and order was filed with the trial court on 30 October and had not yet been signed. Rule 4-3 of the Uniform Rules of Court provides that an application which does not contain the required documentation "may not be considered by the appellate court." Although a relator should not be refused if a trial judge refuses to permit the taking of an appeal, the relator must make a timely and genuine attempt to have the order signed. At this Court's request, the clerk of this court called relator to see if there is now a signed order for the taking of the writ application. Respondents supplemented the record with the City's application for supervisory writs, dated 6 November 1995 and the Trial Court's written reasons for the judgment of 5 October 1995, which reasons were dated 15 November 1995.
*1205 The trial court's reasons show that in staying the administrative proceeding, the court considered the pendency of suits between these parties in Civil District Court for the Parish of Orleans, Municipal Court and the Administrative Adjudication Bureau; the administrative proceeding involves the same issues as the district court suit, and the City filed the district court suit prior to the administrative proceeding. The trial court found that the law and evidence demonstrated that respondents would suffer irreparable damage by being required to defend themselves on the same issues in three separate adversarial proceedings, in three different forums.
The relator has characterized the writ application as applying to two judgments, both rendered 5 October. The respondent characterizes the application as applying to three judgments. The respondent notes that one of the 5 October judgments derives from a motion to reconsider the 14 July ruling which enjoined the City from inspecting the premises, absent a "genuine emergency," without following the provisions of La.C.C.P. arts. 1461-1462. The respondent argues that the 14 July judgment became final and definitive on 12 September, as no motion for appeal or application for supervisory writ was filed during that time.
As to the 5 October judgment relative to the staying of the administrative proceeding, the writ is clearly untimely. La. C.C.P. art. 3612 provides that an appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order of judgment. The respondent correctly notes that the relator's application was not filed within that delay. A writ on a final appealable judgment should be converted to an appeal, if timely, otherwise it should be denied. Armstrong v. Stein, 94-0097 (La. 3/18/94), 634 So.2d 845. While a ruling on a preliminary injunction might be considered under supervisory jurisdiction to expedite its consideration, it should not be done where the applicant was dilatory in filing the application after the appeal time had run.
As to the 5 October judgment denying the City's motion to set aside the protective order, the respondent argues that the motion was originally filed as a motion to reconsider. The respondent further notes that in 1960, the Louisiana Code of Procedure was created, which does not provide for rehearings. Considering that the motion was amended, and further considering the City's alleged lack of notice and failure to participate at the original hearing, we find that the judgment on the protective order relates back only to the 5 October judgment. As noted by the trial court at the 29 September hearing, the Municipal Court case for code violations is based upon the conditions which existed at the time of the original inspection. The City's inability to reinspect prior to hearing does not affect its ability to prove its case of violations on an earlier date. Because the protective order includes an exception for genuine emergencies, the City may reasonably be required to conform to the discovery articles for its inspection of the premises.
The Relator's application is without merit, and is denied.

APPLICATION DENIED.
ARMSTRONG, J., dissenting in part, concurring in part.
ARMSTRONG, Judge, dissenting in part, concurring in part:
Respondents have already been found in contempt of court for operating the business in direct violation of a preliminary injunction enjoining the operation of the premises because of fire and building code violations. See City of New Orleans v. Benson, 95-1505 (La.App. 4th Cir. 1995) 665 So.2d 1196. The City has a right and a duty to ensure that respondents do not once again operate the business in violation of the injunction. The City's ability to protect the general welfare of its citizens should not be hampered by procedural discovery rules not intended to cover this situation.
Therefore, I would grant the writ in part, remand the case, and order the trial court to fashion a clear, narrow remedy to bar the City from abusing its police powers.
*1206 I concur in the majority opinion in all other respects.
NOTES
[1] The amended judgment was rendered subsequent to the appeal being lodged and was not considered in the appeal.
[2] Articles 1461-1462 provide the scope and procedure for production of documents and things and the entry upon land.