746 So.2d 809 (1999)
METRO RIVERBOAT ASSOCIATES, INC.
v.
HILTON HOTELS CORPORATION and Bally's Louisiana, Inc.
No. 99-CA-2271.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1999.
*810 John J. Cummings, III, Cummings, Cummings & Dudenhefer, New Orleans, Thomas W. Tucker, Tucker & West, New Orleans, Louisiana, Counsel for Plaintiff/Appellant.
Daniel Lund, Stephen P. Schott, Montgomery, Barnett, Brown, Read, Hammond & Mintz, L.L.P., New Orleans, Louisiana, Attorneys for Bally's Louisiana, Inc.
Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge ROBERT A. KATZ.

ON MOTION TO DISMISS
KATZ, Judge.
Bally's filed a motion to dismiss Metro's appeal of the judgment denying Metro's request for a preliminary injunction. The preliminary injunction was denied on March 3, 1999. On May 5, 1999, Metro filed a motion for appeal.

FACTS AND PROCEDURAL HISTORY
On December 28, 1998, Metro Riverboat Associates ( plaintiff) filed a Petition for Injunctive Relief and for Temporary Restraining Order. The petition sought the issuance of a temporary restraining order and an order to show cause why a preliminary injunction should not issue prohibiting Hilton Hotel Corporation and Bally's Louisiana, Inc. also referred to as "BLI" (defendants) from taking any action to transfer ownership of BLI's interest in the Belle. A temporary restraining order was issued on December 28, 1998. On December 31, 1998, the defendants filed an emergency writ to vacate and annul the TRO, which this Court granted. Metro, then, filed an emergency writ with the Louisiana Supreme Court, which on January 7, 1999 was denied. The rule for issuance of the preliminary injunction was tried on January 8, 1999, and at its conclusion the trial rendered judgment denying the preliminary injunction. The trial court signed a formal written judgment on March 3, 1999, denying the motion for preliminary injunction.
Notice of Judgment was mailed on March 3, 1999. On May 5, 1999, the judge plaintiff filed a Motion and Order for a devolutive appeal. Defendants subsequently filed this motion to dismiss this appeal as untimely according to LSA-C.C.P. Art. 3612.

DISCUSSION
Supervisory review is appropriate in cases involving preliminary injunctions. The statute provides that an appeal may be taken as a matter of right from an order or judgment relating to a preliminary injunction. The use of the word "may" rather than "shall" indicates that an appeal is permitted but not mandated, to seek review of judgments relating to injunctions. See Mik-Lee, Inc. v. City of New Orleans, 581 So.2d 261 (La.App. 4 Cir.1990), writ denied 576 So.2d 28 (La. 1991).
LSA-C.C.P. art. 3612 provides, in pertinent part, that an appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment.
In City of New Orleans v. Benson, 95-2436 (La.App. 4 Cir. 12/14/95), 665 So.2d 1202, this Court concluded that the City's writ application for supervisory review of judgment staying administrative proceeding against bathhouse owners was untimely where it was filed over one month after judgment, thus not falling within 15-day period for appealing a judgment relating to a preliminary injunction.
*811 In New Orleans Hat Attack, Inc. v. New York Life Ins. Co., 95-0055, 95-0056 (La. App. 4 Cir. 11/30/95), 665 So.2d 1186, this Court found that the appeal of the dismissal of a preliminary injunction more than 15 days from the date of order was not timely and would not be addressed.
In the case sub judice, the judgment was signed and written reasons were provided on March 3, 1999, a notice of judgment was mailed on the same date,[1] and the motion for appeal was not filed until May 5, 1999. On the face of the pleadings, the appeal delay expired before the motion for appeal was made.
Defendant argues that the trial court's judgment in fact decided the merits of the suit and in fact denied a permanent injunction. For this reason plaintiff contends it is appealing a judgment granting a permanent injunction, which is a final judgment, and that the 15-day delay for appeal of a preliminary injunction is inapplicable and the appeal delays of LSA-C.C.P. art.2087, governing appeal of a final judgment, set forth the applicable delays for appeal in this case.
The jurisprudence suggests that even though the petition requested both a preliminary and permanent injunction, which remained pending, the 60-day appeal period is not applicable when the trial court either grants or denies the request for a preliminary injunction. See Box v. French Market Corp., 593 So.2d 836 (La.App. 4 Cir.1992).
In Ieyoub, supra, the court held that despite the contention that the judgment in fact decided the merits of the suit, when in fact the parties do not stipulate on the trial of the rule for a preliminary injunction that the trial would also serve as a trial on the merits for a permanent injunction, and defendant did not waive its right to a trial on the merits, the injunction dealt with was a preliminary injunction and not a permanent injunction. Thus, the statutory 15-day period for an appeal from the granting or denial of a preliminary injunction is applicable.
In the case sub judice, the parties did not stipulate on the trial of the rule for a preliminary injunction that the court would also be hearing the trial on the merits for the permanent injunction. Hence, neither the plaintiff nor the defendants waived their rights to a trial on the merits for a permanent injunction. Therefore, this court can only conclude that the present appeal arises from the denial of the request for a preliminary injunction and has nothing to do whatsoever with the permanent injunction.
For these reasons, the appeal from the judgment denying the preliminary injunction is untimely.
Accordingly, defendant's motion to dismiss this appeal is hereby granted with the understanding that this matter be remanded for further proceedings relating to the request for a permanent injunction.
MOTION TO DISMISS APPEAL OF PRELIMINARY INJUNCTION IS GRANTED AND THIS MATTER IS THEN REMANDED.
NOTES
[1] Although Metro argues that they never received a copy of the judgment or written reasons, there is a certificate in the record showing that on March 3, 1999 both of Metro's attorneys, particularly Thomas Tucker and Frank C. Dudenhefer, Jr., were mailed a copy of the notice, which is sufficient to prove that the notice was mailed. However, the fifteen-day delay begins to run from the date of the judgment, not the mailing of notice of judgment. See Ieyoub v. Accredited Sur. and Cas. Co., Inc., 541 So.2d 982 (La.App. 3 Cir. 1989), writ denied 544 So.2d 1181.