47 So.3d 1014 (2010)
Peterson M. YOKUM, et al.
v.
NICHOLAS S. KARNO, INC. d/b/a Old Opera House, et al.
No. 2010-C-0357.
Court of Appeal of Louisiana, Fourth Circuit.
August 26, 2010.
*1015 Stuart H. Smith, Alan D. Alario, II, Smith, Stag, L.L.C., and Barry J. Cooper, Jr., Cooper Law Firm, L.L.C., New Orleans, LA, for Plaintiffs/Relators.
Peter J. Butler, Jr., Richard G. Passler, Barrett R. Stephens, Breazeale, Sachse & Wilson, L.L.P., New Orleans, Louisiana, for Defendants/Respondents.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, Judge PAUL A. BONIN).
MAX N. TOBIAS, JR., Judge.
The plaintiffs/relators, Peter M. Yokum, Polly Elizabeth Anderson, Vieux Carre Property Owners, Residents & Associates, Inc., and French Quarter Citizens Preservation of Residential Quality, seek review of the trial court's denial of their request for a writ of preliminary injunction. For the reasons that follow, we find that we cannot consider the merits of the relators' request to review the trial court's judgment denying a writ of preliminary injunction because of the procedural posture of this case.
The trial court's judgment denying the preliminary injunction was rendered on 10 February 2010 and notice of judgment was issued on 11 February 2010 based upon a 29 January 2010 oral ruling denying the preliminary injunction.
La. C.C.P. art. 3612 grants only a fifteen-day period to appeal an order granting or denying a preliminary writ of injunction. See Metro Riverboat Associates, Inc. v. Hilton Hotels Corp., 99-2271 (La. App. 4 Cir. 11/10/99), 746 So.2d 809; Marlbrough v. Zar, 98-38 (La.App. 5 Cir. 5/27/98), 713 So.2d 1163; see also Box v. French Market Corp., 593 So.2d 836 (La. App. 4th Cir.1992); cf. conflicting jurisprudence, Bayou Hunting Club of Hunter v. DeSoto Parish Police Jury, 569 So.2d 252 (La.App. 2d Cir.1990).
The plaintiffs/relators' notice of intent to seek a supervisory writ bears a hand-stamped date of filing of 23 February 2010 giving the plaintiffs/relators until 1 March 2010 to file their writ application; the trial court signed the order associated with this filing on 8 March 2010 (after 1 March 2010 deadline had expired). A second notice of intent to seek a supervisory writ was filed with a hand-stamped "filed" date of 23 February 2010 and a machine stamped date of 1 March 2010 when fees were paid to the clerk of the trial court, wherein the plaintiffs/relators sought an extension of the deadline for seeking a supervisory writ until 9 March 2010; the trial court signed this order on 8 March 2010.
The judgment for which review is sought is an appealable judgment that became definitive on 26 February 2010. La. *1016 C.C.P. art. 3612. The judgment is not properly reviewed only on an application for supervisory writ. Since the writ application was not filed in this court until more than fifteen days from the notice of judgment, it cannot be converted to an appeal.
In City of New Orleans v. Benson, 95-2436, pp. 5-6 (La.App. 4 Cir. 12/14/95), 665 So.2d 1202, 1205,[1] we stated:
[A]n appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order of judgment. The respondent correctly notes that the relator's application was not filed within that delay. A writ on a final appealable judgment should be converted to an appeal, if timely, otherwise it should be denied. Armstrong v. Stein, 94-0097 (La.3/18/94), 634 So.2d 845. While a ruling on a preliminary injunction might be considered under supervisory jurisdiction to expedite its consideration, it should not be done where the applicant was dilatory in filing the application after the appeal time had run.
We adhere to our prior jurisprudence.
Under the Louisiana Uniform Rules of the Courts of Appeal, a person has thirty days to seek an order from a decision of a trial court to set a time delay to apply for supervisory writs from this court. The thirty-day period can be extended multiple times by the trial court. But the request to appeal a preliminary injunction must be taken within fifteen days. This is logical because a person cannot obtain an order from a trial court extending the period of time within which he can appeal; those delays, thirty days or sixty days, are specific and provided by statute.
Except in those statutorily specific cases where a bond is dispensed with, both a preliminary injunction and temporary restraining order granting the injunctive order may only issue after a bond is posted.
Also, a preliminary injunction can be tried "upon the verified pleadings and supporting affidavits, or [... by] proof as in ordinary cases", unlike a permanent injunction that requires live testimony. La. C.C.P. art. 3609. A logical reason exists to require that a writ be taken within fifteen days from the granting of a preliminary injunctionit allows the expedited consideration of the issue of the injunction based solely on the verified pleadings and affidavits and whether it was properly issued.[2]
Injunction is an extraordinary proceeding and the granting of a preliminary injunction, by virtue of La. C.C.P. art. 3612, is intended to be reviewed by an appeal taken within fifteen-days.
For the foregoing reasons, we dismiss the plaintiffs/relator's application without reaching the merits of the appeal.
WRIT APPLICATION NOT CONSIDERED.
*1017 ARMSTRONG, C.J., Dissents.
BONIN, J., Dissents With Reasons.
ARMSTRONG, C.J., Dissenting.
I would grant the writ.
BONIN, J., Dissenting.
I respectfully dissent.
A judgment denying a preliminary injunction is an appealable judgment. This Circuit has held that seeking review of such a judgment by application for supervisory writs is also permitted. City of New Orleans v. Benson, 95-2436, pp. 4-6 (La.App. 4 Cir. 12/14/95), 665 So.2d 1202, 1204-1205; Mik-Lee, Inc. v. City of New Orleans, 581 So.2d 261, 263 (La.App. 4 Cir.1990).
However, if a party elects to seek review by applying for supervisory writs, it must be done within the same time limits allowed for an appeal of the judgment complained of, which is 15 days under La. C.C.P. art. 3612. Benson, supra, 95-2436, pp. 5-6, 665 So.2d at 1205. In other words, a party may not extend the time in which to seek review of a preliminary injunction judgment by applying for supervisory writs instead of taking an appeal.
In this case it is uncontested that the relators filed their notice of intent in a timely manner. The judgment was rendered and signed on February 10, 2010. The notice of intent was filed on February 23, 2010, within the 15-day period provided by La. C.C.P. art. 3612 for appeals related to preliminary injunctions. The notice of intent was accompanied by an Order form, also filed on February 23, 2010, fixing a return date of March 1, 2010. However, the trial judge did not sign the order until March 8, 2010, after the March 1, 2010 return date called for in the order. Therefore, the plaintiffs-relators filed a motion to extend the return date to March 9, 2010, which the trial judge signed on March 8, 2010.
The relators should not be penalized because the trial court did not sign the order until after the expiration of original proposed return date.
In calculating the 15-day delay allowed by La. C.C.P. art. 3612, the notice of intent is analogous to the order of appeal referred to in La. C.C.P. art. 2121. By way of further analogy, the Louisiana Supreme Court held that an appeal should not be dismissed where the notice of appeal was timely filed but the court order is not signed until after the appeal delay has run. Traigle v. Gulf Coast Aluminum Corporation, 399 So.2d 183 (La.1981).
La. C.C.P. art. 2121, made applicable to injunction proceedings by La. C.C.P. art. 3612 D, requires that an order of appeal be obtained within the time allowed for initiating the appeal, and that the order of appeal show the return day of the appeal. This means that where a preliminary injunction is involved, the order of appeal must be filed within the 15-day period required by La. C.C.P. art. 3612, but there is no requirement that the appeal reach this court within the 15-day period. The notice of intent and order fixing the return date where a writ application is involved is analogous to the order of appeal and return date called for in La. C.C.P. art. 2121. Therefore, there is no logical basis for concluding that the writ application need reach this Court any sooner than a comparable appeal in order to be considered timely.
In Traigle v. Gulf Coast Aluminum Corporation, 399 So.2d 183 (La.1981), the Louisiana Supreme Court held that an appeal will not be dismissed when a timely motion for appeal is made but the order is not signed within the allowable delays. Based on this reasoning, it is sufficient in the instant case that the plaintiffs-relators *1018 filed the notice of intent in a timely manner, and that the failure of the trial judge to sign the Order fixing the return date within the 15-day period is not fatal to the filing.
The Traigle court also observed that:
Since [La. C.C.P.] Article 2124 has been amended to eliminate security for devolutive appeals, the trial court is no longer required to fix an appeal bond. The signing of a devolutive appeal order has been reduced to a formality.
Because the instant writ application is like the devolutive appeal referred to in Traigle, there is no need for a bond. La. C.C.P. art. 3612 states that "any bond required must be furnished within fifteen days from the date of the order or judgment," but as already noted, no bond would be required in the instant case even had the relators sought relief by way of appeal instead of by way of supervisory writs. [Emphasis added.]
My reading of Benson, supra, taking the opinion as a whole is that this Court was really concerned with the fact that the judgment was rendered on October 5, 1995, but the notice of intent was not filed until October 30, 1995, well beyond the 15-day period. Therefore, the facts in Benson do not apply to this writ.
Accordingly, it is my belief that this writ is timely.
Considering the evidence presented, particularly the affidavits and reports of Michael F. Seidemann, Ph.D., and Mr. Clyde McCoy, I find that the relators have made a prima facie showing that they are likely to prevail on the merits of their claim.
Therefore, consistent with the previous writ opinion of this Court in Yokum v. 615 Bourbon St., L.L.C., XXXX-XXXX, unpub. (La.App. 4 Cir. 4/14/09), I would grant the writ, vacate the judgment of the trial court, and remand the matter to the trial court for the posting of security by the relators.
For the foregoing reasons, I must respectfully dissent.
NOTES
[1] The present issue is different from that presented in an earlier case between the same parties, Yokum v. 615 Bourbon Street, LLC, 09-0248, unpub. (La.App. 4 Cir. 4/19/09), because the delay for appealing the granting of an exception of no right of action is governed by La. C.C.P. art. 2087 for a devolutive appeal (60 days) and La. C.C.P. art. 2123 for a suspensive appeal (30 days).
[2] We are aware of the practice to both appeal and seek supervisory writ review of a trial court's denial of a preliminary injunction, thereby obtaining a speedy determination of whether the trial court erred as a matter of law in denying the injunction and protecting the right to appeal the merits of the preliminary injunction in due course when a full record is presented to the court. We are unaware of any appeal being taken from the trial court's 10 February 2010 judgment in the case at bar.