MAX N. TOBIAS, JR., Judge.
hThe plaintiffs/relators, Peter M. Yo-kum, Polly Elizabeth Anderson, Vieux Carre Property Owners, Residents & Associates, Inc., and French Quarter Citizens Preservation of Residential Quality, seek review of the trial court’s denial of their request for a writ of preliminary injunction. For the reasons that follow, we find that we cannot consider the merits of the relators’ request to review the trial court’s judgment denying a writ of preliminary injunction because of the procedural posture of this case.
The trial court’s judgment denying the preliminary injunction was rendered on 10 February 2010 and notice of judgment was issued on 11 February 2010 based upon a 29 January 2010 oral ruling denying the preliminary injunction.
La. C.C.P. art. 3612 grants only a fifteen-day period to appeal an order granting or denying a preliminary writ of injunction. See Metro Riverboat Associates, Inc. v. Hilton Hotels Corp., 99-2271 (La.App. 4 Cir. 11/10/99), 746 So.2d 809; Marlbrough v. Zar, 98-38 (La.App. 5 Cir. 5/27/98), 713 So.2d 1163; see also Box v. French Market Corp., 593 So.2d 836 (La.App. 4th Cir.1992); cf. conflicting jurisprudence, Bayou Hunting Club of Hunter v. DeSoto Parish Police Jury, 569 So.2d 252 (La.App. 2d Cir.1990).
1 ¡.The plaintiffs/relators’ notice of intent to seek a supervisory writ bears a hand-stamped date of filing of 23 February 2010 giving the plaintiffs/relators until 1 March 2010 to file their writ application; the trial court signed the order associated with this filing on 8 March 2010 (after 1 March 2010 deadline had expired). A second notice of intent to seek a supervisory writ was filed with a hand-stamped “filed” date of 23 February 2010 and a machine stamped date of 1 March 2010 when fees were paid to the clerk of the trial court, wherein the plaintiffs/relators sought an extension of the deadline for seeking a supervisory writ until 9 March 2010; the trial court signed this order on 8 March 2010.
The judgment for which review is sought is an appealable judgment that became definitive on 26 February 2010. La. *1016 C.C.P. art. 3612. The judgment is not properly reviewed only on an application for supervisory writ. Since the writ application was not filed in this court until more than fifteen days from the notice of judgment, it cannot be converted to an appeal.
In City of New Orleans v. Benson, 95-2436, pp. 5-6 (La.App. 4 Cir. 12/14/95), 665 So.2d 1202, 1205,[1] we stated:
[A]n appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order of judgment. The respondent correctly notes that the relator’s application was not filed within that delay. A writ on a final appealable judgment should be converted to an appeal, if timely, otherwise it should be denied. Armstrong v. Stein, 94-0097 (La.3/18/94), 634 So.2d 845. While a ruling on a ^preliminary injunction might be considered under supervisory jurisdiction to expedite its consideration, it should not be done where the applicant was dilatory in filing the application after the appeal time had run.
We adhere to our prior jurisprudence.
Under the Louisiana Uniform Rules of the Courts of Appeal, a person has thirty days to seek an order from a decision of a trial court to set a time delay to apply for supervisory writs from this court. The thirty-day period can be extended multiple times by the trial court. But the request to appeal a preliminary injunction must be taken within fifteen days. This is logical because a person cannot obtain an order from a trial court extending the period of time within which he can appeal; those delays, thirty days or sixty days, are specific and provided by statute.
Except in those statutorily specific cases where a bond is dispensed with, both a preliminary injunction and temporary restraining order granting the injunctive order may only issue after a bond is posted.
Also, a preliminary injunction can be tried “upon the verified pleadings and supporting affidavits, or [... by] proof as in ordinary cases”, unlike a permanent injunction that requires live testimony. La. C.C.P. art. 3609. A logical reason exists to require that a writ be taken within fifteen days from the granting of a preliminary injunction — it allows the expedited consideration of the issue of the injunction based solely on the verified pleadings and affidavits and whether it was properly issued.[2]
^Injunction is an extraordinary proceeding and the granting of a preliminary injunction, by virtue of La. C.C.P. art. 3612, is intended to be reviewed by an appeal taken within fifteen-days.
For the foregoing reasons, we dismiss the plaintiffs/relator’s application without reaching the merits of the appeal.
WRIT APPLICATION NOT CONSIDERED.
*1017 ARMSTRONG, C.J., Dissents.
BONIN, J., Dissents With Reasons.

. The present issue is different from that presented in an earlier case between the same parties, Yokum v. 615 Bourbon Street, LLC, 09-0248, unpub. (La.App. 4 Cir. 4/19/09), because the delay for appealing the granting of an exception of no right of action is governed by La. C.C.P. art. 2087 for a devolutive appeal (60 days) and La. C.C.P. art. 2123 for a suspensive appeal (30 days).

. We are aware of the practice to both appeal and seek supervisory writ review of a trial court's denial of a preliminary injunction, thereby obtaining a speedy determination of whether the trial court erred as a matter of law in denying the injunction and protecting the right to appeal the merits of the preliminary injunction in due course when a full record is presented to the court. We are unaware of any appeal being taken from the trial court's 10 February 2010 judgment in the case at bar.