BONIN, J.,
Dissenting.
1,1 respectfully dissent.
A judgment denying a preliminary injunction is an appealable judgment. This Circuit has held that seeking review of such a judgment by application for supervisory writs is also permitted. City of New Orleans v. Benson, 95-2436, pp. 4-6 (La.App. 4 Cir. 12/14/95), 665 So.2d 1202, 1204-1205; Mik-Lee, Inc. v. City of New Orleans, 581 So.2d 261, 263 (La.App. 4 Cir.1990).
However, if a party elects to seek review by applying for supervisory writs, it must be done within the same time limits allowed for an appeal of the judgment complained of, which is 15 days under La. C.C.P. art. 3612. Benson, supra, 95-2436, pp. 5-6, 665 So.2d at 1205. In other words, a party may not extend the time in which to seek review of a preliminary injunction judgment by applying for supervisory writs instead of taking an appeal.
In this case it is uncontested that the relators filed their notice of intent in a timely manner. The judgment was rendered and signed on February 10, 2010. The notice of intent was filed on February 23, 2010, within the 15-day period provided by La. C.C.P. art. 3612 for appeals related to preliminary injunctions. The notice of intent was accompanied by an Order form, also filed on February 23, 2010, fixing |Ra return date of March 1, 2010. However, the trial judge did not sign the order until March 8, 2010, after the March 1, 2010 return date called for in the order. Therefore, the plaintiffs-rela-tors filed a motion to extend the return date to March 9, 2010, which the trial judge signed on March 8, 2010.
The relators should not be penalized because the trial court did not sign the order until after the expiration of original proposed return date.
In calculating the 15-day delay allowed by La. C.C.P. art. 3612, the notice of intent is analogous to the order of appeal referred to in La. C.C:P. art. 2121. By way of further analogy, the Louisiana Supreme Court held that an appeal should not be dismissed where the notice of appeal was timely filed but the court order is not signed until after the appeal delay has run. Traigle v. Gulf Coast Aluminum Corporation, 399 So.2d 183 (La.1981).
La. C.C.P. art. 2121, made applicable to injunction proceedings by La. C.C.P. art. 3612 D, requires that an order of appeal be obtained within the time allowed for initiating the appeal, and that the order of appeal show the return day of the appeal. This means that where a preliminary injunction is involved, the order of appeal must be filed within the 15-day period required by La. C.C.P. art. 3612, but there is no requirement that the appeal reach this court within the 15-day period. The notice of intent and order fixing the return date where a writ application is involved is analogous to the order of appeal and return date called for in La. C.C.P. art. 2121. Therefore, there is no logical basis for concluding that the writ application need reach this Court any sooner than a comparable appeal in order to be considered timely.
In Traigle v. Gulf Coast Aluminum Corporation, 399 So.2d 183 (La.1981), the Louisiana Supreme Court held that an appeal will not be dismissed when a timely motion for appeal is made but the order is not signed within the allowable delays. Based on this reasoning, it is sufficient in the instant case that the | splaintiffs-rela- *1018 tors filed the notice of intent in a timely manner, and that the failure of the trial judge to sign the Order fixing the return date within the 15-day period is not fatal to the filing.
The Traigle court also observed that:
Since [La. C.C.P.] Article 2124 has been amended to eliminate security for devol-utive appeals, the trial court is no longer required to fix an appeal bond. The signing of a devolutive appeal order has been reduced to a formality.
Because the instant writ application is like the devolutive appeal referred to in Traigle, there is no need for a bond. La. C.C.P. art. 8612 states that “any bond required must be furnished within fifteen days from the date of the order or judgment,” but as already noted, no bond would be required in the instant case even had the relators sought relief by way of appeal instead of by way of supervisory writs. [Emphasis added.]
My reading of Benson, supra, taking the opinion as a whole is that this Court was really concerned with the fact that the judgment was rendered on October 5, 1995, but the notice of intent was not filed until October 30,1995, well beyond the 15-day period. Therefore, the facts in Benson do not apply to this writ.
Accordingly, it is my belief that this writ is timely.
Considering the evidence presented, particularly the affidavits and reports of Michael F. Seidemann, Ph.D., and Mr. Clyde McCoy, I find that the relators have made a prima facie showing that they are likely to prevail on the merits of their claim.
Therefore, consistent with the previous writ opinion of this Court in Yokum v. 615 Bourbon St, L.L.C., 2009-0248, unpub. (La.App. 4 Cir. 4/14/09), I would grant the writ, vacate the judgment of the trial court, and remand the matter to the trial court for the posting of security by the relators.
For the foregoing reasons, I must respectfully dissent.