PAUL A. BONIN, Judge.
 

 |!After Rebecca Duwell’s property was scheduled for sale at sheriffs auction pursuant to a writ of seizure and sale which issued in executory proceedings filed by First Bank and Trust against her, Donald Jones, the appellant, filed in the same proceedings a petition to vacate the issuance of the writ and the ensuing sale.
 
 [1]
 
 Arguing that Mr. Jones had no legal inter
 
 *17
 
 est in asserting any such right, the bank filed the peremptory exception of no right of action.
 
 [2]
 

 See
 
 La. C.C.P. ART. 927 A(6). By final judgment signed on June 21, 2010, the district judge sustained the exception and dismissed with prejudice Mr. Jones’ pleadings.
 
 See
 
 La. C.C.P. ARTS. 934, 1673, 1841, and 1844. Mr. Jones timely filed for a devolutive appeal.
 
 See
 
 La. C.C.P. art. 2082, 2083 A, and 2087 A. After our
 
 de novo
 
 review, because Mr. Jones does not have a legal interest in vacating the sheriffs sale of Ms. RDuweU’s property, we conclude that the district judge’s ruling is correct as a matter of law and affirm. We briefly explain our ruling below.
 

 Ms. Duwell borrowed money from First Bank and mortgaged immovable property located at 1027-31 Touro Street, New Orleans. Because Ms. Duwell had failed to pay her mortgage installments when due, First Bank commenced foreclosure proceedings. The bank expedited the foreclosure through the use of executory proceedings.
 
 See
 
 La. C.C.P. arts. 2631
 
 et seq.
 

 [3]
 

 After the issuance of the writ of seizure and sale but before the sheriff’s court-ordered auction sale, Mr. Jones, “intervened” in the executory proceedings. He alleged an interest in the property and in the proceedings because, he claimed, he loaned money to Ms. Duwell, he had acted as her attorney-in-fact pursuant to a power of attorney or procuration, and his reputation was at stake along with other miscellaneous claims which have been itemized by the fifth circuit.
 
 See First Bank and Trust v. Duwell,
 
 10-481, p. 3 (La.App. 5 Cir. 12/14/10), 57 So.3d 1076, 1077, writ denied 2010-2826 (La.2/11/11), 56 So.3d 1005 (which for simplification we refer to as
 
 Duwell II,
 
 the holding and applicability of which is discussed more fully post.)
 
 [4]
 

 In connection with his “intervention,” Mr. Jones sought and obtained a preliminary injunction to arrest the seizure and sale. First Bank sought and obtained our supervisory review of the preliminary injunction.
 
 [5]
 
 Because Mr. Jones Rhad no ownership interest in the property and was not a defendant in the executory proceeding, we vacated the injunction.
 
 First
 
 
 *18
 

 Bank and Trust v. Duwell,
 
 08-1152 (La.App. 4 Cir. 11/3/08) (unpub.)
 
 (Duwell I).
 

 Notably, Ms. Duwell herself took no action to arrest the execution of the writ of seizure and sale either through a preliminary injunction or a suspensive appeal.
 
 See
 
 La. C.C.P. arts. 2642 and 2751. Thus, the seized property was sold at sheriffs auction, and the order to proceed by exec-utory process became final.
 
 See Reed v. Meaux,
 
 292 So.2d 557 (La.1974).
 

 After injunctive relief was denied by this court, Mr. Jones filed the petition to vacate which we have under consideration. He then unsuccessfully sought to remove his own action to the federal court.
 
 [6]
 

 In the instant case, First Bank filed an exception of no right of action, which the district court granted and this court maintained,
 
 First Bank and Trust v. Duwell,
 
 09-1545 (La.App. 4 Cir. 1/15/10), stating: “Donald Jones has failed to demonstrate to the Court that he has a legal interest in the above captioned matter.”
 

 “The peremptory exception of no right of action questions whether the party against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor.”
 
 Simmons v. Templeton,
 
 99-1978, p. 5 (La.App. 4 Cir. 4/12/00), 762 So.2d 63, 67. See La. C.C.P. art. 927 A(6). The Louisiana Supreme Court in
 
 Badeaux v. Southwest Computer Bureau, Inc.,
 
 05-0612, 05-0719,4 p. 6 (La.3/17/06), 929 So.2d 1211, 1217, defined the function of that exception as “a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition” and explained that it “serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation.” (citing
 
 Turner v. Busby,
 
 03-3444, p. 4 (La.9/9/04), 883 So.2d 412, 415). “Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.” La. C.C.P. art. 681;
 
 see Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm’n,
 
 94-2015 (La.11/30/94), 646 So.2d 885, 888.
 

 We review
 
 de novo
 
 a trial court judgment sustaining an exception of no right of action as a question of law and determine whether the trial court’s ruling was correct or incorrect as a matter of law.
 
 Hornot v. Cardenas,
 
 06-1341, p. 12 (La.App. 4 Cir. 10/3/07), 968 So.2d 789, 798. As already stated, upon our
 
 de novo
 
 review, we conclude that the trial judge was correct in sustaining the exception of no right of action. Moreover, the trial judge was correct in dismissing with prejudice Mr. Jones’ petition because the grounds for the objections which First Bank raised cannot be removed by amendment.
 
 See
 
 La. C.C.P. art. 934.
 

 Even if we assume that a cause of action exists to annul a sheriffs sale pursuant to the execution of a writ of seizure and sale in executory proceedings, the record is clear that Mr. Jones has
 
 no
 
 legal interest in judicially asserting such a right. We previously decided in
 
 Duwell I, ante,
 
 that Mr. Jones had no right to enjoin the seizure and sale of Ms. Duwell’s property by the sheriff because he was neither a
 
 *19
 
 defendant in the executory proceedings nor an owner of the property.
 

 |-,Under “the law of the case” principle, our decision in
 
 Duwell I
 
 has “conclusive effects” on subsequent proceedings in the trial court.
 
 Bank One, N.A. v. Velten,
 
 04-2001, pp. 5-6 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 458 (emphasis added), citing
 
 Petition of Sewerage and Water Bd. of New Orleans,
 
 278 So.2d 81, 83 (La.1973). Thus, the district court was obliged to implement our earlier decision. Moreover, the principle will be applied so that “an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.”
 
 Id. See also Reed v. St. Charles General Hospital,
 
 08-0430, 08-0431, 08-0570 to 08-0593, pp. 9-10 (La.App. 4 Cir. 5/6/09), 11 So.3d 1138, 1145-46. Unlike the district court, however, we can exercise our discretion in applying “the law of the case” principle on subsequent appellate review.
 
 See Lejano v. Bandak,
 
 97-0388 (La.12/12/97), 705 So.2d 158. But the policy reasons behind applying this principle are strong and include avoidance of re-litigation of an issue, consistency of result in the same litigation, and promotion of efficiency and fairness to the parties “by affording a single opportunity for the argument and decision of the matter at issue.”
 
 Day v. Campbell-Grosjean Roofing & Sheet Metal Corp.,
 
 260 La. 325, 330, 256 So.2d 105, 107 (La.1971);
 
 Bank One, supra.
 

 Of course, if on subsequent appeal to or review by us palpable error in the first decision is revealed to us, we may ignore the “law of the case” principle.
 
 Bertucci v. Lafayette Ins. Co.,
 
 02-0242, p. 3 (La.App. 4 Cir. 5/21/03), 851 So.2d 1179, 1182. Because, however, Mr. Jones has not shown palpable error in our earlier decision, we apply “the law of the case” principle in our review of the record.
 
 See Bank One,
 
 04-2001, pp. 5-6, 917 So.2d at 458-459; New
 
 man v. George,
 
 07-0620, p. 6 (La.App. 4 Cir. 9/26/07), 968 So.2d 220, 224-25.
 

 | ^Because Mr. Jones had no right (legal interest) in
 
 enjoining
 
 the seizure and sale of Ms. Duwell’s property, we conclude
 
 a fortiori
 
 that he has no right or legal interest in
 
 annulling or vacating
 
 a completed sheriffs sale.
 
 Accord, Duwell II, supra.
 

 We are reinforced in our holding by the fifth circuit’s decision in
 
 Duwell II,
 
 which decision addressed a significantly similar factual record. There the district court issued a writ of seizure and sale of Ms. Duwell’s real estate in Jefferson Parish which secured her debt to First Bank. The property was sold by the sheriff to First Bank. Mr. Jones filed a petition similar to his petition in the instant case, seeking to intervene, to vacate the sale, and for damages, alleging that Louisiana executory process law is unconstitutional. Just as in the instant case, Mr. Jones asserted that he had ownership rights in the property because his business enterprise, Yur Construction Co., Inc., had loaned Ms. Duwell money and because he had acted as an agent of Ms. Duwell.
 

 In both our case and that addressed by the fifth circuit, First Bank submitted documentary evidence supporting Mr. Jones’ lack of ownership interest, including the act of sale to Ms. Duwell, an affidavit of lien filed by Yur Construction Co., Inc., and the sheriffs deed transferring the property to First Bank as a result of the sheriffs sale. After reviewing the evidence, the trial court held that Mr. Jones had no right of action or standing to seek to vacate the sale of seized property; the fifth circuit affirmed that holding.
 

 Mr. Jones’ petition in the instant case raised numerous other issues identical to those he raised in the proceedings before the fifth circuit; and we, just as did the fifth circuit, find them to be without any basis in fact or law. Mr. Jones is simply
 
 *20
 
 not a person having a real and actual interest which he asserts.
 

 |7We, therefore, affirm the district court’s judgment sustaining First Bank’s exception of no right of action.
 

 DECREE
 

 The judgment signed on June 21, 2010, in favor of First Bank and Trust and against Donald G. Jones, dismissing with prejudice his pleadings is affirmed. All costs of these proceedings are taxed to Mr. Jones.
 
 See
 
 La. C.C.P. art. 2164.
 

 AFFIRMED
 

 [1]
 

 . Mr. Jones styled the pleadings “Motion For Writ Of Sheriff Sale To Be Updated Prior To Sheriff Sale Scheduled On May 7, 2009— Motion For Sheriff Sale To Be Cancelled For Non-Compliance With Louisiana Law For Court Ordered Sheriff Sale — Damages To Agent For Owner Of Property — Motion To Give An Accounting Of Owner's Rights To Arrest Proceeds From Sheriff Sale” and "Petition for Vacating of Sheriff Sale and Official Notice of Protest Against Mortgage Certificate Being Issued to First Bank & Trust For Noncompliance with Louisiana Law for Court Ordered Sheriff Sale May 7, 2009 — Damages Against Sheriff Office Ignoring Affidavit Attesting to Writ of Seizure and Sale as Being Paid in Full Prior to Sheriff’s Sale of May 7, 2009 of Property Located at 1027-31 Touro St. — New Orleans, LA. 70116.”
 

 [2]
 

 . At the same time the bank filed the dilatory exception of unauthorized use of summary proceeding and the peremptory exception of no cause of action.
 
 See
 
 La.C.C.P. arts. 926 A(3) and 927 A(5).
 

 [3]
 

 . "Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce the mortgage or privilege hereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law.” La.C.C.P. art. 2631.
 

 [4]
 

 . The facts and proceedings reported in this fifth circuit decision track those in this case.
 

 [5]
 

 . The grant or denial of a preliminary injunction is an interlocutory judgment which is appealable as of right. See La. C.C.P. arts. 1841, 2082, 2083 C, and 3612 A. Although the granting of the preliminary injunction is an appealable judgment, it does not preclude a litigant's timely and proper resort to our discretionary plenary supervisory power.
 
 See
 
 La. Const, art. V, § 10; La. C.C.P. art. 2201.
 
 See also Yokum v. Nicholas S. Karno, II, Inc.,
 
 10-2176 (La. 10/29/10), 48 So.3d 1089;
 
 Yokum v. Nicholas S. Karno, Inc.,
 
 10-0357, p. 1 (La.App. 4 Cir. 8/26/10), 47 So.3d 1014, 1017 (Bonin, L, dissenting);
 
 Yokum v. Nicholas S. Karno, Inc.,
 
 10-0357 (La.App. 4 Cir. 11/09/10) (unpub.).
 
 Also see City of New Orleans v. Benson,
 
 95-2436, pp. 4-6 (La.App. 4 Cir. 12/14/95), 665 So.2d 1202, 1204-1205;
 
 Mik-Lee v. City of New Orleans,
 
 581 So.2d 261, 263 (La.App. 4th Cir. 1990). If a party elects to seek review by applying for supervisory writs, it must be done within the same time limits allowed for an appeal of the judgment complained of, which is 15 days under La. C.C.P. art. 3612.
 
 Benson, supra,
 
 95-2436, pp. 5-6, 665 So.2d at 1205. In other words, a party may not extend the time in which to seek review of a preliminaiy injunction judgment by applying for supervisory writs instead of taking an appeal.
 

 [6]
 

 . Mr. Jones sought, but was denied, the privilege of proceeding in the federal court without the prepayment of costs.
 
 First Bank & Trust Co. v. Duwell,
 
 10-1007 (E.D.La. 4/1/10), affirmed,
 
 First Bank and Trust v. Duwell,
 
 10-1007 (E.D.La. 6/17/10) (Order denying the Motion for Appeal/Review of Magistrate Judge Decision). He never paid the filing fees, and thus the case was never removed. (We note parenthetically that
 
 only
 
 a defendant may seek removal). 28 U.S.C.A. § 1446(a);
 
 see Ballard’s Service Center, Inc. v. Transue,
 
 865 F.2d 447, 449 (C.A.1989).