Judge Madeleine M. Landrieu
|/The relator, Ms. Montero, seeks review of the trial court’s March 24, 2017 granting of a preliminary injunction enjoining her from ‘publishing, posting, distributing or any way making the false statements currently contained in her campaign materials.” For the reasons that follow, we grant the writ application and vacate the trial court’s judgment.
The granting of a preliminary injunction is reviewable by appeal. See La. C.C.P. art. 3612B. This court rarely, if ever, considers a writ application taken from a final, appealable judgment. However, given the exigent circumstances posed by the pending election in this matter, we exercise our discretionary, supervisory jurisdiction to consider the issue at this time even though we would also have appellate jurisdiction. As this court has stated:
Although the granting of the preliminary injunction is an appealable judgment, it does not preclude a litigant’s timely and proper resort to our discretionary plenary supervisory power. See La. Const, art. V, § 10; La. C.C.P. art. 2201.
First Bank & Trust v. Duwell, 011-0104, p. 3, n.5 (La.App. 4 Cir. 5/18/11), 70 So.3d 15, 18.[1] We note that, in this matter, which involved a single hearing in the district court, the entire record that would be before us on appeal has been submitted with the writ application. Additionally, the writ application was filed within the fifteen-day time period allowed for taking an appeal of a preliminary injunction. See La. C.C.P. art. 3612; First Bank & Trust v. Duwell, supra.
The trial court’s injunction operates as a prior restraint on political speech. Therefore, the injunction must not only comply with the applicable Louisiana statutes, but also must not infringe upon the constitutional protection afforded to such speech. In State v. Burgess, 543 So.2d 1332 (La. 1989), the Louisiana Supreme Court held:
The standard for constitutionally protected false speech in the context of public figures was given in New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). In that case, the Court held the Constitution prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct “unless he proves that the statement was made with ‘actual malice’—that is, with knowledge that it was false or with reckless disregard of whether it was false or not. Although this standard was applied in the context of civil defamation suits, it is clear the standard defines the parameters of protected speech involving public figures.
Id. at 1335 (Emphasis supplied).
Here, there are two applicable statutes. La. 42:1130.4 provides:
*482 No candidate in an election shall, with the intent to mislead the voters, distribute or cause to be distributed any oral, visual, or written material containing any statement which he knows makes a false statement about another candidate in the election.
La. R.S. 18:1463C(1) provides:
|3C.(1) No person shall cause to be distributed, or transmitted, any oral, visual, or written material containing any statement which he knows or should be reasonably expected to know makes a false statement about a candidate for election in a primary or general election or about a proposition to be submitted to the voters.
The trial court’s judgment merely enjoins “false” statements, without specifying what those statements are.[2] In that respect the judgment is overly broad and vague. Moreover, the trial court made no finding of knowing falsehood—either that the relator knew the statements to be false, should have reasonably been expected to know, or distributed them with the intent to mislead the voters—which are elements necessary for a violation of these statutes.
More importantly, the transcript of the hearing reflects that the trial court never considered whether any statements in relator’s campaign materials were made with malice, the absence of which renders any prohibition of them to be unconstitutional. In Guste v. Connick, 515 So.2d 436, 437-8 (La. 1987), the Louisiana Supreme Court stated:
In a case of this kind, courts do not concern themselves with the truth or validity of the publication. An injunction, so far as it imposes prior restraint on speech and publication, constitutes an impermissible restraint on first amendment rights. Organization For A Better Austin v. Keefe, 402 U.S. 415, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971).
In Guste, the trial court enjoined a candidate from airing a television advertisement which the court found to be false. The appellate court denied writs, and the Louisiana Supreme Court reversed, vacating the injunction as unconstitutional because there was no finding of malice. The Supreme Court held:
|4In the instant case, without passing upon the truth or validity of the TV advertisement, we And the preliminary injunction violated Mr. Connick’s rights of freedom of speech under the first amendment. Mr. Guste did not carry his heavy burden of showing justification for the imposition of such a restraint. We have discovered no cases nor have any been pointed out to us where an injunction has been issued restraining the publication of statements made during a political campaign regarding the official conduct of a public officer on the ground that the statement was not wholly true or was presented in a deceptive manner.
The trial court in the case before us did not consider whether Ms. Montero acted with malice. Absent a finding of malice, the injunction cannot withstand constitutional scrutiny.
For these reasons, we grant the writ application and vacate the preliminary injunction. The relator’s motion seeking a stay of the trial court’s judgment is denied as moot.
*483 WRIT GRANTED; JUDGMENT VACATED; STAY DENIED

. La. Const. Art. V, § 10(a) provides, in pertinent part, that a court of appeal "has supervisory jurisdiction over cases which arise within its circuit.” La. C.C.P. art. 2201 provides: "Supervisory writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction.”

. In compliance with our order, the trial court issued a per curiam in which the statements are identified. However, it is well-settled that a trial court’s “oral or written reasons for judgment form no part of the judgment and that appellate courts review judgments, not reasons for judgment.” Wooley v. Lucksinger, 09-0571, p. 77 (La. 4/1/11), 61 So.3d 507, 572.